### DETERMINED IN

# THE SUPREME COURT

#### OF THE

# STATE OF CALIFORNIA.

[No. 15383. Department One.—June 9, 1894.]

## T. B. ROBINSON, Respondent, v. EXEMPT FIRE COMPANY OF THE CITY OF SAN FRANCISCO, Appellant.

Fraternal Society—Sick Benefits—Severable Contract—Benefits After Suit Brought Not Recoverable.—A by-law of a fraternal organization which provides for the payment of a definite sum for each week that any member is sick or disabled, so as to be unable to earn a livelihood, is in its nature a severable and not an entire contract, and each default is a separate cause of action, and does not work a breach of the whole contract, and a member who has brought an action for sick benefits cannot recover in that action any benefits accruing subsequent to the bringing of the action.

Id.—Evidence—Apparent Health of Plaintiff—Opinion of Non-expert Witness.—In an action against a fraternal organization for the recovery of sick benefits, a question asked a witness who knew the plaintiff quite intimately and saw him frequently, and had conversations with him about his health during the period covered by his claim against the defendant, as to whether when he saw the plaintiff he was apparently well, is competent, and the fact that it involves the opinion of a non-expert witness based upon observation of the apparent health of the plaintiff does not render it inadmissible.

Submitting Case on Motion for Nonsuit—Relief Against Stipulation—Discretion.—It is within the discretion of the trial court to relieve a plaintiff from the effect of a stipulation submitting the case on a motion for a nonsuit, and to allow him to file an amended complaint, and its action will not be disturbed upon appeal in the absence of a showing of an abuse of discretion.

CIII. Cal.—1

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Davis Louderback,* for Appellant.

*George D. Collins,* for Respondent.

VAN FLEET, J.—The defendant and appellant is an organization with certain fraternal and charitable features, whose membership is composed of exempt firemen. Its by-laws provide for the payment of sick benefits to any member who, from sickness or accident, becomes unable to earn a livelihood. The plaintiff, a member of the organization, brings this action to recover a considerable amount claimed to be due him for sick benefits, and which defendant refused to pay.

Trial was had before a jury, and verdict and judgment went for plaintiff. From the judgment and an order denying its motion for a new trial defendant appeals.

1. The action was commenced in November, 1885, but was not tried until November, 1893. At the trial the court, against the objection of defendant, admitted evidence offered by plaintiff upon the theory that plaintiff was entitled to recover for benefits accruing intermediate the commencement of the action and the date of trial; and the court also charged the jury in accord with this theory, and refused an instruction requested by defendant limiting the plaintiff's right to recover to the benefits accrued at the date of commencing his action, to all of which defendant excepted. These rulings, we think, were clearly erroneous. The idea upon which the lower court seems to have proceeded and the contention of defendant is, that the contract sued on is entire and not severable; that it imposed a duty upon defendant to pay benefits so long as plaintiff remained sick and disabled; that the defendant

having made default before suit, this default worked a breach of the entire contract, and that all damages accruing subsequently from that sickness must be deemed to have originated in the default, to have proximately resulted therefrom, and can be recovered in the action, although accruing subsequently to its commencement. But we think respondent mistaken as to the character of the contract between the parties. The contract is not entire in the sense as used by respondent. It is, to the contrary, in its nature severable. It requires defendant to pay plaintiff a certain sum *each week* that he is sick and disabled. The right of plaintiff to this payment for any one week accrues at the end of that week, and he is entitled to sue immediately upon default in its payment. Such default, however, does not work a breach of the entire contract; the contract still subsists as to future benefits, and the default only affects the rights of the parties as to the benefit accrued. It is obvious that it does not work a breach as to the future benefits, since, as to such, the liability of the defendant has not become fixed, but remains contingent upon the condition of the plaintiff being such as to entitle him to demand them. The accidental circumstance that the plaintiff in this instance continued disabled from the *same cause* subsequent to the bringing of his action, and that defendant continued to default in payment of benefits, can in no way affect the construction to be put upon the contract. Each default was a separate cause of action in itself, and the damage accruing to the plaintiff therefrom did not flow proximately or otherwise from any previous default. The successive defaults of the defendant, and the damage resulting to plaintiff from each, were as separate and apart as though arising from entirely distinct and widely separated causes of disability. Mr. Parsons, speaking on the subject of the rule of damages applicable to a contract that is severable into parts, says;

" It may happen that the injury complained of is the

breach of a contract that extends over a considerable space of time, and includes many acts, or it is a tort divisible into many parts. The question then arises whether the action should be for the whole breach or the whole tort, and damages be given accordingly. This must depend upon the entirety of the contract or of the tort. If it be a whole, formed of parts, which are so far inseparable that if any are taken away there is no completed breach or tort left, all must be included in the demand and in the damages. But if they are separable into many distinct breaches or torts then an action may be brought as if each stood alone, and damages recovered." (3 Parsons on Contracts, c. 8, sec. 6.)

This we take to be a correct statement of the rule. If the default of defendant in the payment of any one week's benefits carried with it a breach of the whole contract defendant could sue for and recover all damages proximately flowing from that breach; and this is the extent to which the authorities relied upon by respondent go. But the contract being separable, as we have seen, and not entire, plaintiff is only entitled to recover those benefits accrued at the commencement of the action.

2. It became a subject of material inquiry at the trial as to the state of health of plaintiff during the period for which he claimed benefits, the main defense of defendant resting upon its denial of the sickness or disability of plaintiff. Many witnesses were examined upon the subject and a large number of exceptions are urged by defendant to rulings of the court in excluding evidence. The rulings complained of are all upon one general feature of the evidence, that is, as to the physical appearance and apparent state of health of plaintiff. It would not conduce to brevity nor subserve any useful purpose to notice these rulings in detail; many of them were correct, but some we deem erroneous. Of the latter, one instance will serve to point the rule which should be observed by the lower court on a new trial:

A witness who knew plaintiff quite intimately and saw him frequently, and had conversations with him about his health during the period covered by his claim against defendant, was asked this question: " Well, now, when you saw him on these occasions walk along, when he noticed you, was he, or was he not, apparently well ? " Plaintiff objected to the question as calling for the opinion of the witness, and the objection was sustained. We think the question was competent, and should have been allowed.   It is true, as contended by respondent, that, in a certain sense, the question tended to elicit the opinion of the witness, but it called at the same time for the fact of the plaintiff's physical appearance, as a result of the witness' observation, and that fact the party was entitled to lay before the jury.   There are many cases where a witness, though not an expert, may be permitted to state the result of his observation, notwithstanding it involves, in a sense, his opinion or judgment, such as the apparent state of health of a person, whether a person is drunk or sober, or other characteristic or state which manifests itself to the apprehension of the common observer.   (3 Rice's Evidence, sec. 93, p. 142.)   It is sometimes difficult to distinguish between that which is purely matter of opinion, and so not admissible, and that which partakes of the nature of a fact by reason of being the result of personal contact and observation by the witness, but this difficulty does not, in any sense, militate against the rule.   There are many matters of importance to the investigation of truth that could not be established or presented to the jury if this were not the rule.   In *City of Shawneetown* v. *Mason*, 82 Ill. 337, 25 Am. Rep. 321, it was held that the fact of disease, when perceptible to the senses, may be testified to by any witness.   So, in the case of *Parker* v. *Boston etc. Steamboat Co.*, 109 Mass. 449, the plaintiff sued a common carrier for personal injuries, and, on the trial, her daughter was permitted

to testify that her mother "was decidedly worse than she was two months after the accident." The testimony was held proper, the court saying:

"The witness had the means of observing the plaintiff from time to time, and her testimony was as to facts within her observation, and not a mere expression of opinion reached by a process of reasoning and deduction. She stated what she saw—that the plaintiff was not able to do as much work, and was not as well as she was two months after the accident."

The same principle has been upheld in this state in a number of cases. (See *People* v. *Lavelle*, 71 Cal. 351; *People* v. *Wreden*, 59 Cal. 392; *Estate of Carpenter*, 94 Cal. 416.) In the instance stated, and several others of like character, we think the court should have allowed the evidence.

3. The court did not err in relieving plaintiff from the effect of his stipulation submitting the case on motion for nonsuit, and allowing him to file an amended complaint. It was a matter purely in the discretion of the court, and, upon the showing made, we cannot say the discretion was abused. (*Ward* v. *Clay*, 82 Cal. 502.) Neither did the court err in its ruling as to the statute of limitations, nor on the doctrine of *ultra vires*. As to the latter question, we are satisfied that the objects contemplated by, and provided for, in the by-laws are clearly within the language of the act conferring upon defendant control of the fire department charitable fund.

We have carefully examined the record, and find no other error.

For the reasons above given, the judgment and order denying a new trial are reversed, and the cause remanded for a new trial.

HARRISON, J., and GAROUTTE, J., concurred.

Hearing in Bank denied.