[S. F. No. 1345. Department Two.—February 26, 1900.]

EDWARD R. MOFFITT, Respondent, v. JAMES C. JORDAN et al., Defendants. JOSEPH M. WOOD, Appellant.

STIPULATION — MOTION TO BE RELIEVED — DISCRETION OF COURT.— A motion to be relieved from a stipulation upon the ground that it was entered into through inadvertence, excusable neglect, and mistake of fact, is addressed to the sound discretion of the superior court; and this court will not interfere with the exercise of that discretion in doubtful cases, nor unless it is apparent that the court abused its discretion.

ID.—AGREEMENT TO ABIDE EVENT OF ANOTHER SUIT — FORECLOSURE OF STREET ASSESSMENT—DELAY IN APPLICATION—INSUFFICIENT SHOWING. It is not an abuse of discretion to refuse to set aside a stipulation agreeing to abide the event of another suit for the foreclosure of a street assessment lien, where the application for relief was not made until after the other case had been decided adversely, and no affidavit of merits was filed at the hearing of the motion, but it was merely shown that since making the stipulation the applicant had discovered that the lot described in the complaint was not the lot described in the assessment, and was not shown that the amount was not due on the assessment, and on the lot therein described, nor that the complaint could not have been amended to obviate the objection.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Edward A. Belcher, Judge.

The facts are stated in the opinion.

Joseph M. Wood, Appellant *in pro. per.*

J. C. Bates, for Respondent.

COOPER, C.—This is an appeal from a final judgment, and the sole question sought to be reviewed here is an order of the lower court refusing to relieve the appellant from a written stipulation. It appears that in May, 1897, the plaintiff had brought two actions in the superior court of the city and county of San Francisco to recover and foreclose street assessment liens upon two different lots owned by appellant and included in the same assessment, said actions being numbered 58,614 and 58,615, respectively.

On the twenty-first day of May, 1897, the attorney for respondent, at the request of the attorney for appellant, entered into a stipulation, of which the following is a copy:

"It is hereby stipulated by and between the parties hereto that said action No. 58,615 abide the final determination and judgment rendered in the case of *Edward R. Moffitt v. James C. Jordan et al., defendants,* No. 58,614, now pending in the said superior court of the city and county of San Francisco. This stipulation need not be filed. Dated May 21, 1897.

"J. C. BATES,

"Attorney for Plaintiff.

"J. M. WOOD,

"Defendant in Proper Person."

Afterward, on the eighth day of October, 1897, the superior court rendered judgment in said action No. 58,614 in favor of the respondent and against the appellant, which judgment was duly entered, and which has this day been affirmed by this court, S. F. No. 1344. On November 12, 1897, the appellant made a motion to be relieved from the stipulation upon the ground that he entered into it through inadvertence, excusable neglect, and mistake of fact. The court, after hearing the affidavit of appellant and the counter-affidavit of respondent, denied the motion. Motions of this kind rest very much in the sound discretion of the court below. That discretion is usually exercised liberally and in furtherance of justice. The court, being made acquainted with all the reasons, will, if the inadvertence is wholly inexcusable, or if it arises from negligence, not look upon it kindly. (*Shearman v. Jorgensen,* 106 Cal. 485.) This court will not interfere in doubtful cases, nor unless it is apparent that the court abused its discretion. (*Robinson v. Exempt Fire Co.,* 103 Cal. 6; 42 Am. St. Rep. 93.) In this case we do not think there was such abuse of discretion as would authorize us to set aside the order. The application was not made until after the case, No. 58,614, had been decided against the appellant. Nearly six months had elapsed after the stipulation was signed before the motion was made. There was no affidavit of merits filed with the application or at the hearing. The affidavit of appellant claimed that since making the stipulation he had discovered that the lot described in the complaint was

not the lot described in the assessment, but he did not allege or show that the amount was not due upon the assessment and on the lot therein described. He stated that the lot described in the assessment was described as per a diagram incorporated in his affidavit. The affidavit on behalf of respondent denies that appellant's affidavit and diagram contains a correct description of the lot assessed, and alleges that it omits a material and essential part thereof. Conceding that the description in the complaint was erroneous, it is not shown that respondent could not have amended his complaint to obviate the objection.

The judgment and order should be affirmed.

Gray, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

Temple, J., McFarland, J., Henshaw, J.