[Civ. No. 112.   Third District.—December 20, 1905.]

PACIFIC PAVING COMPANY, Respondent, v. NICH-
OLAS VIZELICH et al., Defendants; GEORGE FINK-
BOHNER, Appellant.

FORECLOSURE OF STREET ASSESSMENT—STIPULATION ABIDING EVENT OF
ANOTHER SUIT—REFUSAL TO VACATE—ACQUIESCENCE—NEGLECT—
DISCRETION.—In an action to foreclose a street assessment, where
attorneys appearing for defendants served stipulated to abide the
event of another suit, though one of the defendants served with
summons did not originally authorize the appearance and stipula-
tion, yet, where the evidence justified the court in concluding that
such defendant knew of the stipulation many months before he
moved to set it aside, and was content to let it stand, that plaintiff
had in good faith relied and acted upon it in omitting to take
default against him, that no attempt was made by defendant to
excuse his neglect to answer for more than five years after service
of summons, or to show wherein he had suffered by refusal of
the court to set aside the stipulation, it cannot be said that the
court abused its discretion by such refusal.

ID.—PLEADINGS FILED ON MOTION TO SET ASIDE STIPULATION—FIND-
INGS UNNECESSARY—JUDGMENT UPON STIPULATION.—Where the
only issues raised were upon pleadings filed on the motion to set
aside the stipulation, the issue  presented thereby could not be
entertained until after the stipulation was set aside; and upon
refusal to set it aside it was not necessary that the court should
find upon the issue so presented; but the stipulation being left
to stand, it was the duty of the court to enter judgment in ac-
cordance with its provisions.

APPEAL from a judgment of the Superior Court of San
Joaquin County, and from an order denying a new trial.   W.
B. Nutter, Judge.

The facts are stated in the opinion of the court.

J. B. Webster, and C. H. Fairall, for Appellant.

W. J. Bartnett, and Loutitt & Loutitt, for Respondent.

CHIPMAN, P. J.—Appeal by defendant George Fink-
bohner from a judgment and order denying motion for a new
trial in an action upon a street assessment.   The judgment
was entered on a stipulation of attorneys assuming to repre-

sent defendants, including Finkbohner. The authority of attorneys so to act is disputed by Finkbohner. His motion tc vacate and set aside the stipulation under which judgment was entered against him was denied. He appeals from the judgment; also from the order denying his motion for a new trial, and the principal question is, Did the court err in refusing to vacate and set aside the stipulation?

There was an appeal to the supreme court from the judgment; the purpose being to cause the reversal of the order of March 12, 1900, refusing to vacate and set aside as void the stipulation on which judgment was entered, and also to cause the reversal of the order dismissing the action as to Finkbohner. The court reversed the judgment of dismissal, but did not set aside the stipulation. The court, however, on the facts there presented, held that the trial court "was not warranted in finding, upon his [Finkbohner's] motion, that there was no appearance made by said defendant, even although the attorneys had not been authorized to appear for him." But the court said: "We see no reason why said defendant may not renew his motion to set aside the stipulation." (*Pacific Paving Co.* v. *Vizelich,* 141 Cal. 4, [74 Pac. 352].) At the retrial the court, on July 29, 1904, made findings and entered judgment. The court found: "That the above-named parties on the 28th day of April, 1897, signed and filed herein a stipulation in the words and figures following, to wit: 'It is stipulated and agreed: That the defendants in the above-entitled action need not file an answer in said actions, but that the said actions shall abide by the result of the action of the *Pacific Paving Company* v. *J. L. Mowbray,* 5,163, and whatever judgment may be finally entered in said action shall be also entered in each of the above-entitled cases, whether the same be in favor of the plaintiff or defendant; and if in favor of the plaintiff, then in each case according to the prayer of the complaint. Dated April 23, 1897. James A. Loutitt, Attorney for Plaintiff. F. H. Gould and James H. Budd, Attorneys for Defendants.' That the judgment was finally entered in said action of *Pacific Paving Company* v. *J. L. Mowbray,* Number 5,163, in favor of the above-named plaintiff. That thereafter, to wit, on the 12th day of September, 1900, judgment herein was duly given, made, and entered according to said

stipulation in favor of plaintiff and against said Nicholas Vizelich . . . and for the foreclosure of the lien mentioned in the complaint.'' As conclusions of law ''from the foregoing facts the court decides that plaintiff is entitled to judgment herein against said defendant Geo. Finkbohner, on said stipulation,'' etc. Judgment followed accordingly. The second appeal from the judgment was heard in this court and the judgment was affirmed July 6, 1905. (*Pacific Paving Co.* v. *Vizelich*, 1 Cal. App. 281, [82 Pac. 82].) The appeal from the order denying new trial comes up on a separate transcript, and is the matter now before us.

Respondent makes the point that under section 951 of the Code of Civil Procedure, and rule 29, the bill of exceptions is insufficient. The view we have taken of the case makes it unnecessary to consider the point. The complaint was filed December 2, 1903, and summons issued January 6, 1894. The return of the summons was made December 19, 1899, by affidavit of the person who served it. It stated that service was made ''by delivering to said George Finkbohner personally on said thirteenth day of January, 1894, in said county of San Joaquin, a copy of said summons, to which was attached a copy of the complaint filed in the said action.'' There were several land owners, defendants in several similar actions, who under a written agreement formed a committee to conduct the defense. This agreement was signed by all of the defendants, including defendant Vizelich, but defendant Finkbohner did not sign the agreement. Messrs. James H. and J. E. Budd appeared for all the defendants, and in this action, on January 22, 1894, filed a demurrer to the complaint, which was on January 29, 1894, overruled, and defendants given twenty days to answer, which was extended twenty days by stipulation. *Lis pendens* was recorded on January 28, 1896. The stipulation in this action and eighteen other actions hereinbefore set forth, dated April 23, 1897, was filed in this action on April 28, 1897, signed by James A. Loutitt, attorney for plaintiff, and F. H. Gould and James H. and J. E. Budd, attorneys for defendants. It appears that Vizelich was the owner of the property involved when the action was commenced, and on April 11, 1896, deeded it to Finkbohner, who ''held a mortgage before this suit was brought and until he got the deed.'' Defendant

Finkbohner made affidavit in support of his motion in which he deposed that he never employed or authorized the employment of F. H. Gould, James H. and J. E. Budd, or either of them, or any other attorney or person, to appear for him in this action or to file a demurrer or to enter into or file any stipulation whatever, until the 29th of November, 1899, when he employed J. B. Webster, an attorney of the court, to appear for him therein; that he did not know that any demurrer or any stipulation had been made or filed or any appearance entered for him prior to said date, and, on being informed on that day by said Webster that said stipulation had been entered into, he instructed said Webster to take immediate steps to set the same aside. The first step taken, so far as the record shows, was the motion of March 12, 1900, on that day denied, and it was this motion that was renewed by service of notice March 16, 1904, heard on the —— day of March, 1904, and denied on June 13, 1904. The affidavit of Finkbohner used at that hearing is dated in November, 1899. John E. Budd testified at a former hearing that he never had any conversation with Finkbohner touching the agreement signed by Vizelich and the other defendants, parties to it. James A. Loutitt made affidavit that he was a member of the law firm having ·charge of the action for plaintiff until January 1, 1894, when the firm was dissolved, and that thereafter he had, and now has, exclusive charge of the action for plaintiff as one of his attorneys. He sets forth certain proceedings in the case heretofore stated, including service of summons and other steps taken, and that the firm of Budd & Budd were duly licensed attorneys at law of good standing and repute. His affidavit made at the first hearing of the motion and on its renewal is dated December 13, 1899, and states that during the pendency of the action and since the service of summons he "has had no less than half a dozen interviews with said George Finkbohner in regard to said litigation and the status of said Finkbohner to the same, and in such interviews had from time to time, as the same arose and occurred, stated the facts concerning the same to said Finkbohner, and informed him of the fact in particular that the said litigation in which the said Finkbohner was interested as a party was by stipulation and agreement continued and held in abeyance until, and was to be governed by and depended upon, the final de-

termination of that certain action pending in the same court by the same plaintiff against one J. L. Mowbray, No. 5,163, and like disposition to be made herein as by the terms of said stipulation provided, and that affiant now for the first time learned or had any intimation from any source that the said Finkbohner had given no authority to the said attorneys who appeared for him as attorney to so appear or to represent him in said action; that, although this said action had been pending for more than five years, said defendant, after being regularly and duly served with summons herein on January 13, 1894, made no appearance in said cause, except as made by and through the said attorneys, but has at all times up to ·—— day of November, 1899, led plaintiff and this affiant to believe, and they have believed, that said defendant was duly and regularly represented by said attorneys, with full power and authority from him, said defendant, as to the same, and so believing and relying, plaintiff and this affiant as attorney for said plaintiff have acted thereon, and entered no default against defendant for his alleged nonappearance, as they otherwise would have done.'' C. K. McMurray, an attorney at law, deposed that on the former hearing of the motion to dismiss this action he appeared for the attorneys associated with Mr. Loutitt and was present at the hearing, and that at the hearing defendant Finkbohner testified, among other things, ''that he did know the above-entitled suit was pending and that said defendant Vizelich was fighting said case; that he further knew of the said case because he found a copy of the summons and complaint left at his house over five years ago during his absence; that he did not think he received the same personally; but, if anyone swears that he served him personally, he would not say that it was not so, as it is so long ago.'' It was admitted that Finkbohner had formerly testified, among other things, denying that he ever had any conversation with Attorney Loutitt in which he was informed that anyone had appeared for him or acted for him, and that he talked with said Loutitt but once about said action, and that was in November, 1899, and just before he had employed Webster as his attorney; and it was admitted that he further testified at that time substantially as stated by Attorney Mc-Murray. Upon these facts the court denied the motion, and we think there was evidence sufficient to support the order.

See opinion in same case on first appeal (141 Cal. 4, [74 Pac 352]), where on much the same facts the supreme court seems to have been similarly impressed, though not called upon to decide the point.

Appellant's counsel in their brief have, with much industry and clearness, stated the rules as laid down by the authorities governing the power and duty of the courts concerning the acts of attorneys assuming to represent clients without authority to do so. It is not necessary in this case to review the authorities. We had occasion recently to discuss the question to some extent in the case of *Daneri* v. *Gazzola, ante,* p. 351, 83 Pac. 455, where some of the rules are stated. In the present case it must be admitted that the appearance for Finkbohner and the stipulation to which he was made a party were without his previous authority. The only question before us concerns the effect of his conduct after he was served with summons and after he knew of the appearance and the stipulation. That the court had the power to determine whether he had knowledge or was charged with the means of knowledge that the stipulation had been entered into, and had discretion to relieve him from its effect, although he had such knowledge, we think the authorities cited by appellant fully establish. The evidence does not seem to call for extended comment. Appellant knew the action was pending against him as early as January 13, 1894, when summons was served. A demurrer had been filed in his behalf on January 22, and overruled on January 29, 1894. He took a deed to the property on April 11, 1896, with knowledge of the pendency of the action, and must be presumed to have known that his title was affected by this action. Attorney Loutitt testified on December 13, 1899, that he had frequent conversations prior thereto with appellant, and informed him particularly as to the stipulation. Appellant suggests as to this fact that this information may have been imparted after November 29, 1899, when appellant testified he first learned of the stipulation. But it must not be overlooked that the trial court may have disbelieved appellant, in view of all the facts disclosed, or determined that his memory was at fault. The stipulation was on file in the case April 28, 1897, and yet he took no action to have it set aside for eighteen months. The court probably took into view the fact that he was in

default all this time, and that, having knowledge of the action, he would have answered if he were not acquiescing in the stipulation. We think the evidence justified the court in concluding that appellant knew of the stipulation many months before he moved to set it aside, and was content to let it stand. We cannot say that the court abused its discretion in refusing to relieve appellant from the stipulation. Plaintiff had relied upon it in good faith, and had acted upon it in omitting to take the default of appellant, and in moving forward with this case and other cases in reliance upon it. Appellant's knowledge of the stipulation and apparent acquiescence exclude the idea of fraud or mistake. He does not attempt to show wherein he has suffered by the ruling of the court. His contention is that he never entered into the stipulation. He attempts no excuse for his neglect for over five years to answer after summons was served, and gives no reason for his not having moved promptly to set aside the stipulation, except want of knowledge, as to which the court found against him.

Error is claimed because the court failed to find on all the issues. The issues referred to are presented in appellant's answer and cross-complaint. In this pleading the same defense is set up as was involved in the motion to set aside the stipulation, and the matter was fully heard and was disposed of in denying the motion. We do not think the defense set up in this pleading could be entertained until after the stipulation was set aside; and, as this was refused, there was no necessity for findings on this pleading. In short, the stipulation standing, it was the duty of the court to enter judgment in accordance with its provisions. (See opinion in second appeal, *Pacific Paving Co.* v. *Vizelich,* 1 Cal. App. 281, [82 Pac. 82].)

The order denying motion for a new trial is affirmed.

Buckles, J., and McLaughlin, J., concurred.