[Civ. No. 3650.   First Appellate District, Division One.—January 19, 1921.]

## CHARLES B. BARE, Respondent, v. GEORGE B. PARKER, as Administrator, etc., Defendant; MARY A. HARVEY, Appellant.

[1] HUSBAND AND WIFE—DEED IN JOINT NAME—PRESUMPTION—COMMUNITY PROPERTY—EVIDENCE—FINDINGS.—In this action by a husband against the administrator of his wife's estate, in which his wife's mother intervened, to quiet title to certain real property which had been purchased after marriage from the accumulations of the community, the record title to which stood in the joint names of plaintiff and his wife at the time of her death, the testimony of the husband, as to the reasons why the title to the property was taken in the name of himself and wife, was sufficient to rebut the presumption, prescribed by section 164 of the Civil Code, that the interest of the deceased in the property was a separate property interest, and to justify the trial court in finding that the property was community property and the interest of the deceased therein was only a community interest.

[2] ID.—STIPULATION OF COUNSEL—RIGHT OF TRIAL COURT TO IGNORE—FINDINGS.—Notwithstanding that near the close of the trial of said action counsel for plaintiff assented to certain stipulations proposed by counsel for intervener, among which was one, to which assent was undoubtedly unwittingly given, that the property which stood in the name of the plaintiff and his wife "was at the date of the deeds, and thereafter, held by them as tenants in common," the trial court was justified in ignoring that stipulation and deciding in accordance with the theory of plaintiff's case, and with the

evidence, that the title to the property was taken in the name of plaintiff and his wife "for his personal convenience and for the further purpose of pleasing her."

APPEAL from a judgment of the Superior Court of Kern County. H. A. Peairs, Judge. Affirmed.

The facts are stated in the opinion of the court.

T. F. Allen, George Flournoy and Dorris & Henderson for Appellant.

Boyce R. Fitzgerald for Respondent.

SEAWELL, P. J., *pro tem.*—Charles B. Bare, plaintiff herein, and Jennie Bare were married March 7, 1911. The latter died December 11, 1918, leaving surviving as her only heirs, a husband, plaintiff herein, and her mother, Mary A. Harvey, intervener. Defendant, George B. Parker, was duly appointed administrator of the estate of said Jennie Bare, deceased. At the time of the latter's death, the record title to certain real property stood in the joint names of Charles B. Bare and Jennie Bare, his wife. This property was purchased after marriage from the accumulations of the community.

It is the claim of intervener and also of the administrator of said estate that said Jennie Bare owned at the time of her death an undivided one-half interest in said property as her separate estate and her said interest should be distributed according to the rules of descent to her heirs at law.

This action was, accordingly, brought by the husband to quiet his title as against all adverse claimants. Judgment went in his favor and intervener alone has appealed.

[1] The findings of that court that "plaintiff provided that the title to said property be taken in the name of himself and wife for his personal convenience and for the further purpose of pleasing her" (his wife) and "by virtue of said deeds the property so acquired was community property and the interest of Jennie Bare therein was only a community interest," are assailed as standing without evidentiary support. The deeds themselves were *prima facie* evidence that decedent's interest was a separate prop-

erty interest. (Sec. 164, Civ. Code.) The question then is, What was the intention of the husband at the time he directed or consented that his wife be named jointly with him as a grantee?

In affairs matrimonial, such as this, men are often moved to action by the prompting of emotion or sentiment, or even by considerations of domestic policy. To relate all the operating causes that influenced human conduct long after the passing of the occasion with varying attending circumstances is quite difficult for the average person. The rigid rules of logic properly applied in an effort to explain conduct in ordinary business transactions are often unsatisfactory aids in divining motives that may have influenced matrimonial conduct. For this reason, all other things being equal, careful consideration must be given to the testimony of the survivor of the marriage who, perhaps, alone, has knowledge of the secret understanding of marital purposes and intentions. The credibility of the witness, however, is subject to the test of the general rules of evidence. It has been held that title placed in the wife's name with no intention of making a gift to her of the property, but merely for the purpose of pleasing her, is sufficient to rebut the presumption prescribed by section 164 of the Civil Code. (*Fulkerson* v. *Stiles*, 156 Cal. 703, [26 L. R. A. (N. S.) 181, 105 Pac. 966].)

No question of a purchaser or encumbrancer in good faith is involved here. **[2]** Counsel for intervener complains that the court ignored the oral stipulation of himself and counsel for plaintiff and made a finding contrary thereto. Nearing the close of trial counsel for intervener proposed several stipulations that were assented to by counsel for plaintiff. One was that ''the property which stood in the name of Charles B. Bare and Jennie Bare, was at the date of the deeds, and thereafter, held by them as tenants in common.'' Undoubtedly assent was unwittingly given to this stipulation. It negatives the theory of plaintiff's case and would have stipulated him out of court. The trial court appreciated the situation and properly refused to permit an inadvertence or want of attention on the part of counsel to work what he conceived to be an injustice. ''A trial court does not sit as a mere referee in a contest of wits between counsel in the case, but that it is not only

within his province, but is his duty, to see that as nearly as possible the issues shall be disposed of on their merits. . . ." (*Farrar* v. *Farrar*, 41 Cal. App. 452, [182 Pac. 989].)

The judgment appealed from is affirmed.

Kerrigan, J., and Richards, J., concurred.