[Civ. No. 5469.   Third Appellate District.—November 25, 1935.]

N. N. BROWN et al., Petitioners, v. THE SUPERIOR COURT OF SIERRA COUNTY, Respondent.

Siemon, Chaflin & Maas for Petitioners.

Charles L. Gilmore and L. Nelson Hayhurst for Respondent.

PULLEN, P. J.—Petitioners herein seek by mandate to compel respondent to enter judgment in an action pending in the Superior Court of Sierra County, entitled *Brown et al.* v. *Cleary et al.*, No. 1882, in the records of said court, pursuant to a stipulation for judgment entered into between respective counsel and filed with the clerk of said court. The cause was partially tried before the Honorable Henry B. Neville, the judge presiding, but before the conclusion of the hearing a stipulation for judgment was signed by respective counsel and filed in the case. Before any action was taken upon the stipulation, however, Judge Neville died. Thereafter Honorable J. M. McMahon was appointed his successor, and he became and now is the judge before whom these matters are pending.

Recently a motion was presented to respondent wherein petitioners formally moved that judgment be entered as provided in the stipulation. In response thereto defendants appeared and opposed the motion, accompanied by affidavits and documentary evidence to the effect that certain witnesses who testified in the cause had given evidence that was untrue, and that said stipulation was entered into by counsel for defendants as the result of such untrue testimony; at the same time defendants moved for a new trial upon all of the statutory grounds. After a full hearing respondent court refused to order judgment in accordance with the stipulation, upon the ground that the compromise was based upon misleading and untrue testimony and evidence, and the stipulation if enforced would amount to a deprivation of defendants of their rights and a miscarriage of justice, and furthermore that petitioners had not acted upon nor changed their position to their detriment nor suffered any loss or damage through or by the stipulation, nor had acted upon nor relied thereon and that the stipulation was merely an executory agreement. In addition to refusing to order judgment on the stipulation the court granted the motion for a new trial.

As to the motion for a new trial, we believe the defendant was premature, and the order of the court granting the same cannot be sustained. A new trial is defined in sec-

tion 656 of the Code of Civil Procedure as a reexamination of any issue of fact after a trial and decision by a jury, court or referee. Here no decision had been announced by the court. In *Reclamation District* v. *Thisby*, 131 Cal. 572 [63 Pac. 918], certain issues had been determined by a jury and its verdict adopted by the court, and other issues were submitted to the court sitting without a jury. A notice of intention to move for a new trial was thereafter filed on November 1, 1897, whereas the decision of the court was not filed until some five months later. The Supreme Court held the notice premature as the trial was not concluded until the court had rendered its decision upon all issues submitted to it.

However, as to the motion to set aside the stipulation, we believe that a wide discretion is vested in the trial court. In *Moffitt* v. *Jordan*, 127 Cal. 628 [60 Pac. 175], where the court, considering a motion to be relieved from a stipulation, said:

"Motions of this kind rest very much in the sound discretion of the court below. That discretion is usually exercised liberally and in furtherance of justice. The court, being made acquainted with all the reasons, will, if the inadvertence is wholly inexcusable, or if it arises from negligence, not look upon it kindly. (*Shearman* v. *Jorgensen*, 106 Cal. 483, 485 [39 Pac. 863].) This court will not interfere in doubtful cases, nor unless it is apparent that the court abused its discretion. (*Robinson* v. *Exempt Fire Co.*, 103 Cal. 6 [36 Pac. 955, 42 Am. St. Rep. 93, 24 L. R. A. 715].)"

In *Pacific Paving Co.* v. *Vizelich*, 2 Cal. App. 515 [83 Pac. 459], this court held that although the facts did not there warrant the setting aside of the stipulation, yet it is not only inferred but directly held that such power was vested in the trial court.

In *Bare* v. *Parker*, 51 Cal. App. 106 [196 Pac. 280], a stipulation was entered into which the court ignored. This was not error,—the court saying:

"Undoubtedly assent was unwittingly given to this stipulation. It negatives the theory of plaintiff's case and would have stipulated him out of court. The trial court appreciated the situation and properly refused to permit an inadvertence or want of attention on the part of counsel to work what he conceived to be an injustice. 'A trial court does not sit as a mere referee in a contest of wits between counsel in the case,

but that it is not only within his province, but is his duty, to see that as nearly as possible the issues shall be disposed of on their merits. . . . ' (*Farrar* v. *Farrar,* 41 Cal. App. 452 [182 Pac. 989].) ''

■ Under petitioners' theory of the present action the stipulation involved amounted in effect to findings of fact and conclusions of law. In *Broder* v. *Superior Court,* 103 Cal. 121 [37 Pac. 143], the court denied a writ of mandate for judgment where findings and conclusions had been signed. There, as here, the thing asked is more than a ministerial duty and is mixed with an exercise of discretion and therefore mandate will not lie. As had often been said, the court can be compelled to act, but having acted, its act cannot be reviewed on *mandamus.* (*Hilmer* v. *Superior Court,* 220 Cal. 71 [29 Pac. (2d) 175].) The court here has acted upon the motion to enter judgment, and we cannot in this proceeding pass upon the merits of that act.

Many cases are to be found where the action of the trial court has been upheld in relieving a party from a stipulation upon the ground that it was entered into through inadvertence, excusable neglect and mistake of fact. (*Moffitt* v. *Jordan, supra.*) Such motions are addressed to the sound discretion of the trial court, and will not be interfered with in doubtful cases nor unless it is apparent that the court has abused its discretion. Here the point was presented by respondent not on its own motion, but as a reply to the motion of petitioners to have judgment entered in accordance therewith, but we can see no reason for a different rule on that account. The issue is here presented by the petition of Brown, the plaintiff in the trial below, and a demurrer and verified answer thereto by respondent setting forth the various reasons why the stipulation should not be accepted.

■ The application for the writ having been submitted on the petition and the answer thereto, we must accept the allegations in the answer as true. (*Sherer* v. *Superior Court,* 3 Cal. Unrep. 680 [31 Pac. 565].)

The writ is discharged.

Plummer, J., and Thompson, J., concurred.