**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TIMOTHY W. MOSER, | No. 10-55236 |
| Plaintiff - Appellant, | D.C. No. 3:04-cv-02085-JLS-WMC |
| v. | |
| ENCORE CAPITAL GROUP, INCORPORATED, a Delaware corporation; et al., | AMENDED MEMORANDUM[*] |
| Defendants - Appellees. | |

| | |
|---|---|
| TIMOTHY W. MOSER, an individual, | No. 10-55238 |
| Plaintiff - Appellant, | D.C. No. 3:05-cv-01742-JLS-WMC |
| v. | |
| TRIARC COMPANY, INC., a Delaware corporation, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Argued and Submitted October 11, 2011
Pasadena, California

Before: PREGERSON and D.W. NELSON, Circuit Judges, and LYNN, District Judge.[**]

Timothy W. Moser ("Moser") appeals the district court's grant of summary judgment for Encore Capital Group ("Encore), Triarc Company ("Triarc") and individual appellees Carl C. Gregory, III ("Gregory"), Barry Barkley ("Barkley"), Brandon Black ("Black"), Alexander Lemond ("Lemond") and Eric D. Kogan ("Kogan"). We have jurisdiction pursuant to 28 U.S.C. § 1291. We reverse and remand the district court's determination that Moser's contractual damages are not cognizable, but affirm in all other respects.

We review a grant of summary judgment de novo. *Bamonte v. City of Mesa*, 598 F.3d 1217, 1220 (9th Cir. 2010). We consider "whether, with the evidence viewed in the light most favorable to the non-moving party, there are no genuine issues of material fact, so that the moving part[ies are] entitled to judgment as a matter of law." *Id.* (internal quotations and citations omitted). We may affirm the district court on any basis supported by the record. *Satey v. JPMorgan Chase & Co.*, 521 F.3d 1087, 1091 (9th Cir. 2008).

---

[**]     The Honorable Barbara M. G. Lynn, District Judge for the U.S. District Court for Northern Texas, sitting by designation.

The district court erred in relying on new evidence submitted by Encore while rejecting rebuttal evidence submitted by Moser. *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996). We have considered Moser's rebuttal evidence on appeal.

The registration statement containing the disclosure was published on or before September 26, 2003. *See Kanarek v. Bugliosi*, 166 Cal. Rptr. 526, 529–30 (Cal. Ct. App. 1980). Moser's defamation claims against Encore, Gregory, Barkley, Black, Lemond, Kogan and Brian Schorr ("Schorr") are time-barred. Cal. Civ. Proc. Code § 340(c); *Shively v. Bozanich*, 7 Cal. Rptr. 3d 576, 586 (Cal. 2003). Moser also has failed to meet his weighty burden of offering substantial and credible evidence that a conspiracy existed. *Choate v. County of Orange*, 103 Cal. Rptr. 2d 339, 353 (Cal. Ct. App. 2000); *Kidron v. Movie Acquisition Corp.*, 47 Cal. Rptr. 2d 752, 758 (Cal. Ct. App. 1995).

The district court properly applied California's Uniform Single Publication Act to bar Moser's other tort claims against Encore, Gregory, Barkley, Black, Lemond, Kogan and Schorr. Cal. Civ. Code § 3425.3; *Strick v. Super. Court*, 192 Cal. Rptr. 314, 319–20 (Cal. Ct. App. 1983), *superceded on other grounds by* Cal. Civ. Proc.Code § 437c(f). Moser's claims for intentional interference with contract and intentional and negligent infliction of emotional distress are untimely, to the

3

extent they are based on the publication of the disclosure. *Strick*, 192 Cal. Rptr. at 319–20.

The district court properly applied the litigation privilege to statements made at the January 20, 2005 meeting. *Silberg v. Anderson*, 266 Cal. Rptr. 638, 641–42 (Cal. 1990); Cal. Civ. Code § 47(b)(2).

The district court erred in finding that Moser's contractual damages were not cognizable. Moser has pointed to some ambiguity as to whether the settlement agreement contained a conditional release. *Solis v. Kirkwood Resort Co.*, 114 Cal. Rptr. 2d 265, 269 (Cal. Ct. App. 2001); *Cal. State. Auto. Ass'n Inter-Ins. Bureau v. Superior Court*, 223 Cal. Rptr. 246, 247 n.1 (Cal. Ct. App. 1986). The proper measure of damages is closely tied to whether the release was conditional. Therefore, we "reverse and remand to the district court in order to give [Moser] an opportunity to present evidence as to the intention of the parties in drafting the contract." *Trident Ctr. v. Connecticut Gen. Life Ins. Co.*, 847 F.2d 564, 570 (9th Cir. 1988) (construing *Pacific Gas & Electric Co. v. G.W. Thomas Drayage & Rigging Co.*, 69 Cal. 2d 33, 37–38 (1968)). Moser's declarations, even if self-serving, contain admissible facts relevant to whether Moser's release was conditional and, relatedly, to the appropriate measure of damages for breach of the agreement. *United States v. Shumway*, 199 F.3d 1093, 1104 (9th Cir. 1999); *see*

4

*also Solis*, 114 Cal. Rptr. 2d at 269 (holding that "where the extrinsic evidence . . . is contested, an issue of fact arises"). Moser has raised a triable issue of material fact regarding whether his contractual damages are cognizable.

The district court did not err with respect to rescission. Moser did not identify a statutory basis for rescission. Cal. Civ. Code § 1689. He also failed, "upon discovering the facts which entitle him to rescind," to give notice of rescission and to restore the money Encore paid him pursuant to the settlement agreement. Cal. Civ. Code § 1691; *see also Myerchin v. Family Benefits, Inc.*, 76 Cal. Rptr. 3d 816, 822–23 (Cal. Ct. App. 2008) (rejecting rescission after plaintiff received settlement funds, continued with litigation and did not return money), *overruled on other grounds by Vill. Northridge Homeowners Ass'n v. State Farm Fire & Cas. Co.*, 114 Cal. Rptr. 3d 280 (Cal. 2010). Moser also did not seek rescission in his complaint. Cal. Civ. Code § 1691.

The district court did not err in granting summary judgment for Schorr. As discussed, Moser's defamation claim against Schorr was untimely. *Kanarek*, 166 Cal. Rptr. at 529–30. Moser's claims for intentional interference with contract and intentional infliction of emotional distress merge with the defamation claim and are untimely. Cal. Civ. Proc. Code § 340(c); *Shively v. Bozanich*, 7 Cal. Rptr. 3d 576, 586 (Cal. 2003). Moser also has failed to prove a conspiracy. *Choate*, 103 Cal.

5

Rptr. 2d ar 353; *Kidron*, 47 Cal. Rptr. 2d at 758. Finally, Moser's claims cannot be based on the January 20, 2005 meeting, as Schorr was not there, and Terry Bird did not represent Schorr.

The district court erred in finding Moser's claims against Triarc time-barred. Because Moser did not sue Triarc for defamation, his other tort claims do not merge into a defamation claim. A two-year statute of limitations applies to Moser's timely claims against Triarc. Cal. Code Civ. Proc. §§ 335.1, 339. However, the district court properly granted summary judgment for Triarc. With respect to intentional interference with contract, Moser has failed to show that Triarc took intentional acts to induce breach. *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 825 (9th Cir. 2008). Additionally, Moser has not shown proximate causation. *Allen v. Powell*, 56 Cal. Rptr. 715, 718 (Cal. Ct. App. 1967); *Mayes v. Bryan*, 44 Cal. Rptr. 3d 14, 25 (Cal. Ct. App. 2006) (holding that a "substantial factor" creates a force that is in continuous and active operation up to the time of the harm). Nor can Moser show that the settlement agreement would have been performed, but for Triarc's approval of the disclosure. *Dryden v. Tri-Valley Growers*, 135 Cal. Rptr. 720, 725 (Cal. Ct. App. 1977). With respect to the intentional infliction of emotional distress claim, Moser has not shown that Triarc engaged in outrageous conduct. *Corale v. Bennett*, 567 F.3d

6

554, 571 (9th Cir. 2009); *Potter v. Firestone Tire & Rubber Co.*, 25 Cal. Rptr. 2d 550, 574 (Cal. 1993) (holding outrageous conduct exceeds all bounds of that usually tolerated in a civilized community). Moser also has failed to show that he suffered severe emotional distress. *Girard v. Ball*, 178 Cal. Rptr. 406, 414 (Cal. Ct. App. 1981) (holding severe emotional distress is of "such substantial quantity or enduring quality that no reasonable man in a civilized society should be expected to endure it").

**AFFIRMED** in part and **REVERSED** and **REMANDED** for further proceedings. Each party shall bear their own costs on appeal.