[Crim. No. 2703.   Second Appellate District, Division One.—August 2, 1935.]

THE PEOPLE, Respondent, v. ARTHUR LEE FORTUNE, Appellant.

Thomas W. Cochran for Appellant.

U. S. Webb, Attorney-General, and John O. Palstine, Deputy Attorney-General, for Respondent.

THE COURT.—By the verdict of a jury the defendant was found guilty of the crime of robbery in the first degree. There is no assignment of errors occurring during the trial of the case, and it is conceded that there is in the record sufficient evidence to sustain the conviction. The grounds of appeal are confined to the single contention that the court was guilty of an abuse of discretion in denying defendant's motion for a new trial.

The robbery occurred on the twelfth day of July, 1932. The defendant was not arrested until about two years later. The information was filed September 12, 1934, and the case was tried the following November. The robbery occurred in the city of Los Angeles. The defendant testified that he left the city of Los Angeles on or about the seventh day of July, 1932, and went to San Francisco and that on the day of the robbery he was not in the city of Los Angeles. He testified that together with one Buster Rowland he left Los Angeles to go to San Francisco, but they separated at Santa Barbara. Rowland was not produced as a witness at the trial, but it was stated at that time that he had been heard of in Chicago. The man who was robbed identified the defendant very clearly and definitely as the man who had committed the robbery. In support of the motion for a new trial the defendant presented three affidavits, of which only one need concern us. This is an affidavit of Buster Rowland, wherein he states that two or three days after the fourth day of July, 1932, he left Los Angeles in company with the defendant; that they ''caught a ride together almost to Santa Barbara then separated''; that he met the defendant again in San Francisco not later than July 10th, and that they saw each other daily for a period of not less than two weeks thereafter in the city of San Francisco.

It does not appear that at the time the case was called for trial or prior thereto the defendant made any application for continuance of the trial, or made any suggestion to the court that he would need the testimony of Rowland as a

590

witness for the defendant, in support of his claim that he was not in Los Angeles at the time of the robbery. The excuse now offered, for this failure of the defendant to suggest to the trial court that on account of the absence of Rowland he was not ready for trial, is that he was at the time represented by a deputy public defender who was not assigned to the case until the Friday before the Monday when the case was to go to trial. While this interval of time was short, it was amply sufficient for consultation between the defendant and his counsel the said public defender, and for the defendant to give to the deputy public defender a statement concerning Rowland which might have been used in support of an application for continuance of the trial. In fact, the public defender's office had represented appellant for more than two months prior to the trial. This was the second trial of the case. Therefore appellant knew what the evidence against him probably would be, and knew that he would need the testimony of Rowland, if in truth Rowland would have given such testimony as indicated by his affidavit on the motion for new trial.

It thus appears that there is no merit in the contention that the court was guilty of abuse of discretion in its denial of defendant's motion for a new trial.

The judgment and the order are affirmed.