[Crim. No. 2683.   Second Appellate District, Division One.—August 31, 1935.]

THE PEOPLE, Respondent, v. VICTOR DOUGLAS, Appellant.

Peter T. Rice for Appellant.

U. S. Webb, Attorney-General, and Bayard Rhone, Deputy Attorney-General, for Respondent.

YORK, J.—This is an appeal by defendant from a judgment of conviction of the crime of grand theft from the person, as charged in count one of the amended information, together with a prior conviction of a felony. A remaining count of the information charging petit theft and prior conviction of felony was dismissed on motion of the district attorney. Also, defendant appeals from the order denying his motion for a new trial.

The principal question involved in this appeal is that of sufficiency of the evidence to justify the verdict. An examination of the record discloses that there was clearly sufficient evidence to justify the verdict and the judgment. While it is true that a great deal of the evidence was circumstantial, it was very strong and positive evidence.

As to the question whether or not it was an abuse of discretion on the part of the trial court to overrule appellant's motion for a new trial, which question is denominated by appellant as the principal point on this appeal, this is apparently predicated upon the affidavit of newly discovered evidence which was presented in support of said motion for new trial. The affidavit in support of the motion for new trial does not show that due diligence was exercised to procure the evidence which is recited in said affidavit. The lack of proof of due diligence would justify the court in denying the motion, and the denial of said motion was also proper, because the evidence thus offered was merely cumulative, and because the force of such cumulative evidence was not of such strength that it could be said that it probably would or might change the result should a new trial be had.

The appellant also objects to the introduction into evidence of a conversation between one Leonard and one Polster, who were seated in a booth approximately eight but not more than ten feet from appellant, when Leonard turned to Polster and said in an ordinary tone of voice: ''That is

one of the slickest tricks I have ever seen on Fifth Street.'' On cross-examination it was shown that, although the witness was not looking at the defendant at the time the remark was made, the witness did look up and saw the defendant immediately after making said remark which was spoken in a normal tone of voice. Whether or not defendant heard the remark was a question for the jury. The evidence shows as a matter of fact that it was made within hearing distance, if spoken in a normal tone of voice, and if there was nothing to drown out or deaden the sound of the speaker's voice. The court properly denied the motion to strike out such testimony leaving to the jury the duty of determining whether or not it was a remark made within the hearing of the defendant.

■ Appellant objects to the denial by the trial court of the giving of some twenty instructions offered by him. At the end of each of these instructions, as set forth in the record, appears the indorsement: ''Refused, except as covered by other instructions.'' It has not been pointed out to this court wherein the subject-matter of these instructions was not completely and correctly covered by the instructions which were given to the jury. (*People* v. *Guiterrez,* 140 Cal. App. 720 [35 Pac. (2d) 1046].) Furthermore, owing to the failure of appellant to comply with the provisions of section 3, rule VIII of the Rules of Court, to the effect that ''all other instructions given, bearing upon that subject, must be printed in full in the appellant's brief'', the refusal to give requested instructions cannot be considered by this court.

The judgment and order are affirmed.

Conrey, P. J., and Houser, J., concurred.