[Civ. No. 22326.   Second Dist., Div. Two.   Jan. 21, 1958.]

JOSEPH HERRIOT THAYER, Appellant, v. BOARD OF OSTEOPATHIC EXAMINERS, etc., et al., Respondents.

Denison, Dietrich & Anderson for Appellant.

J. Robert Meserve for Respondents.

ASHBURN, J.—Petitioner appeals from judgment denying peremptory writ of mandate after sustaining without leave a demurrer to the petition. The Board of Osteopathic Examiners revoked petitioner's license to practice after finding to be true charges (1) that he employed and aided and abetted an unlicensed person, one Rosenberg, "in the practice of a system or mode of treatment of the sick or afflicted" in 73 different instances in violation of section 2392, Business and Professions Code, and (2) that he signed a death certificate representing that he had attended a decedent whom he had never seen, forbidden by section 2411 of said code.

At the beginning of the hearing, conducted by a full board of five practicing physicians and a hearing officer, the hearing officer summarized the charges of the accusation, whereupon counsel for the board stated: "I have consulted with Mr. Bryant in this matter, and he informs me that he has discussed the matter thoroughly with Dr. Thayer, and Dr. Thayer is willing at this time to stipulate to the truth of the allegations of the accusation as set forth; is that correct?" Counsel for appellant replied in the affirmative. The hearing officer then ascertained from Dr. Thayer that he had heard the stipulation, had him define the word "stipulation," which he did correctly, and asked if he agreed with the statement that had been made. Appellant said he did, and then the following

occurred: "Hearing Officer: Do you understand that the legal effect of this stipulation will be that the facts as stated are proved, that no other evidence will be needed to prove any of the facts? Dr. Thayer: Yes, sir. Hearing Officer: And do you further understand that based upon this stipulation alone, your license to practice may be suspended or revoked? Dr. Thayer: Yes, sir. Hearing Officer: And with that knowledge, do you desire that the stipulation be accepted? Dr. Thayer: Yes, sir." The stipulation was then accepted by the hearing officer. Counsel for the board rested and petitioner was produced as a witness in his own behalf. His counsel in this court asserts that the stipulation was thereafter disregarded and that the evidence established its untruth because it showed petitioner to be innocent of the charges. An examination of the record does not sustain this assertion.

Counsel for respondent argues that the additional evidence was produced by way of mitigation under the sanction of section 11520, Government Code: ". . . Nothing herein shall be construed to deprive the respondent of the right to make any showing by way of mitigation." We find this to be a proper appraisal of the transcript. The following passages attest this fact: "Q. Now, there are numerous patients that you have admitted that have either directly or indirectly been treated by Dr. Rosenberg through you; in other words, the stipulation that we have entered into admits that indirectly, at least, you allowed Dr. Rosenberg to treat persons. Now, that indirection is through the employment and your relationships with him; is that correct? Through the hospital and the Clinic. A. Yes. Q. Did Dr. Rosenberg accompany you upon calls? A. In the respect to wishing to gain additional clinical experience, he requested to be allowed to accompany myself on deliveries and I acceded to that request. . . . Q. And the reason that you have made the admission is that in some functions, in your opinion, you indirectly allowed him to exceed the functions for which he was employed; is that the basis of your admission? A. Yes, sir."

The appellant's testimony fell far short of establishing his innocence, and that of Rosenberg, given by way of rebuttal, definitely supported the formal stipulation of guilt. Counsel say that Rosenberg's testimony is inherently improbable, but it is well settled that evidence cannot be discredited on that ground unless it is physically impossible for the witness' statements to be true or their falsity is apparent without resorting to inferences or deductions. (*New* v. *New*,

148 Cal.App.2d 372, 383-384 [306 P.2d 987].) That is not the case here.

At no stage of this proceeding has appellant sought to be relieved of his stipulation of the truth of the accusations. ▌ Beginning with his application for leave to file an amended petition for writ of mandate and continuing through this appeal[1] his counsel proceed as if it were permissible to disregard a stipulation deliberately made. No authority is cited which sanctions such a procedure and we apprehend that none exists. Not until after an adverse ruling by the board did appellant voice any dissatisfaction with the stipulation; indeed, it was after the sustaining of the demurrer to his petition for mandate. He then asserted in an affidavit in support of application for leave to amend what his motivation was when stipulating: "[H]e believed by so doing he would be given a reprimand and probation, without revocation of his license; had your affiant and petitioner believed that his certificate to practice would be revoked, he would have directed his attorney to cause each patient set forth in the Accusation to be subpoenaed and to appear and testify that they, and each of them, if treated, were so treated without his knowledge and consent." Disappointment brought about a change of attorneys, expressions of dissatisfaction with his former counsel and a persistent effort to avoid the effect of the stipulation without making any direct effort to be relieved from it. Of course this is not a permissible procedure. There is no substance to the claim that the evidence is insufficient to support the decision of the board.

▌ The claim of abuse of discretion of the trial judge in denying leave to file an amended petition for mandate cannot be sustained. The original petition incorporated by reference the entire transcript of the proceedings before the board. Although the demurrer to the petition was general and special it is evident that the pleading could not be amended successfully because of the presence of that transcript containing the stipulation and all the evidence. In such case refusal of leave is proper, regardless of the inclusion of special grounds in the demurrer. (*Baker* v. *Littman*, 138 Cal.App.2d 510, 517 [292 P.2d 595]; *A. L. Young Machinery Co.* v. *Cupps*, 213 Cal. 210, 219 [2 P.2d 321]; *Tringham* v. *State Board of Education*, 137 Cal.App.2d 733, 738 [290 P.2d 890].)

---

[1]Relief from a stipulation made in the trial court cannot be granted where first sought in the appellate tribunal. (*Warburton* v. *Kieferle*, 135 Cal.App.2d 278, 286 [287 P.2d 1].)

■ Appellant asserts that new evidence was proffered in support of the motion to amend, that it establishes good cause for a writ and the trial judge erroneously rejected it. Respondent relies upon the rule that new evidence can be received in the superior court in a proceeding for administrative mandamus (which this is) only after a showing that it could not have been presented to the board through the exercise of reasonable diligence, and counsel argues that there is no such showing here. *Dare* v. *Board of Medical Examiners,* 21 Cal.2d 790, 799 [136 P.2d 304], is cited in support of this proposition and does sustain it. Code of Civil Procedure, section 1094.5, subdivision (d), says: ''Where the court finds that there is relevant evidence which, in the exercise of reasonable diligence, could not have been produced or which was improperly excluded at the hearing before respondent, it may enter judgment as provided in subdivision (e) of this section remanding the case to be reconsidered in the light of such evidence; or, in cases in which the court is authorized by law to exercise its independent judgment on the evidence, the court may admit such evidence at the hearing on the writ without remanding the case.'' The record shows that appellant's affidavits in support of the motion were met by a contradictory affidavit of Rosenberg, thus presenting a question of fact and a matter for the exercise of discretion by the trial judge. Respondents' counsel is correct in the assertion that there is no such showing at bar as is required by the statute.

■ Appellant complains that revocation of his license is a penalty so harsh that it should not stand and the cause should be remanded to the board for reconsideration of the punishment. But the established rule is ''that the determination of the penalty to be imposed by an administrative agency lies with the agency and not with the court. (*King* v. *Board of Medical Examiners,* 65 Cal.App.2d 644, 652 [151 P.2d 282] ; *Fuller* v. *Board of Medical Examiners,* 14 Cal.App.2d 734, 737 [59 P.2d 171].)'' (*Black* v. *State Personnel Board,* 136 Cal.App.2d 904, 912 [289 P.2d 863].) ■ In *Mast* v. *State Board of Optometry,* 139 Cal.App.2d 78, 91 [293 P.2d 148], it is said: ''It is now fully established that where an agency exercising statewide jurisdiction has imposed a single penalty based on multiple charges of misconduct, and the court holds some of them to be unsupported, the practice normally to be employed is to return the case to the administrative agency with a direction to reconsider the penalty to be imposed.'' But this can be done only when some of the charges

are unsupported by the evidence and the court cannot ascertain from the record whether the same penalty would have been imposed had the administrative agency recognized the absence of evidence sufficient to support only a part of the charges upon which the licentiate had been found guilty. (See *Mast* v. *State Board of Optometry, supra,* at p. 92.) There is no absence of supporting evidence here and hence no occasion to remand.

Judgment affirmed.

Fox, Acting P. J., and Kincaid, J. pro tem.,* concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 19, 1958.

*Assigned by Chairman of Judicial Council.