[Civ. No. 6139.   Fourth Dist.   Dec. 2, 1959.]

PETER BARENDREGT et al., Plaintiffs and Appellants, v. ELIZABETH J. DOWNING, Respondent; RAY E. JOHNSON et al., Cross-defendants and Appellants.

Daniel F. Cronin for Appellants.

Augustine & Bryans and Albert G. Barmore for Respondent.

GRIFFIN, P. J.—Appellants brought this action for specific performance and damages because of respondent's alleged refusal to perform a contract for the sale of real property. Respondent filed a cross-complaint seeking to rescind the contract and for damages in the amount of $50,000, alleging that appellants had conspired with others to obtain her property by means of fraudulent misrepresentations and duress.

The trial was held during April, 1958, but arguments were delayed until July 1, 1958, because of the illness of the trial judge. Findings were signed by the trial court and thereafter on August 26, 1958, judgment for appellants was entered granting specific performance and damages. Thereafter, within the time when respondent could have given notice of intention to move for a new trial, the parties were requested by the trial court to reappear before it. The court then stated that before the conclusion of the hearings in April respondent's attorney had requested and been given permission to put on more evidence on mitigation of damages, but this opportunity to present evidence had not been afforded respondent; that this oversight had been called to the court's

attention and that the trial should be reopened to enable respondent to put in the additional evidence on damages. The court then requested the parties to stipulate that the findings of fact and the judgment already entered be set aside and the additional evidence received for this purpose. Counsel for appellants readily acceded to the stipulation and sought to widen the scope of evidence to be received to enable him to prove additional damages suffered by appellants. The court then stated the stipulation for the record as follows:

"On stipulation of counsel for the plaintiff (appellants) the findings of fact and conclusions of law heretofore entered into by this Court and signed by this Court and the judgment entered and signed thereon (are) set aside for the purpose of reopening the case, in so far as the defendant, Mrs. Downing, is concerned for the introduction of certain evidence as to the question of damages in this matter."

Acting upon the stipulation the court proceeded to take additional evidence. Unfortunate differences arose between counsel, spectators, the parties and the court. The court then, upon invited motion of counsel for respondent, orally granted a new trial on the grounds of the insufficiency of the evidence. At a later date, in the presence of counsel, the court indicated that the granting of a new trial was erroneous because the findings and judgment had been set aside and no new judgment had been entered. The court then granted a mistrial.

The court stated it was taking this action because events that had occurred affected the court in such a way that it could no longer objectively determine the issues of the case and the interests of justice required that the whole matter be tried again before another court. An order declaring a mistrial was signed and entered.

This appeal is taken from the judgments contained in the minute order setting aside the judgment and findings, the minute order granting a new trial and the order granting a mistrial.

Appellants contend that a stipulation is an agreement between the parties and requires assent by the parties and consideration and that here there was a failure of consideration insofar as the appellants were concerned causing the stipulation to lapse. Appellants also contend the court's acceptance of the stipulation here was in effect a procedure granting a new trial, not authorized by statute, and therefore in excess of the jurisdiction of the court.

"The term 'stipulation' as used in practice means an

agreement entered into by attorneys in the form required by law, relating to some matter incidental to an action or proceeding. Such a stipulation . . . when made in open court . . . constitutes not only an agreement between the parties, but also one between them and the court, which the court is bound to enforce for the benefit of those interested and for the protection of its own honor and dignity." (46 Cal.Jur.2d (Stipulations) § 2.)

Stipulations may be entered into concerning any step of an action (Code Civ. Proc., § 283), including the entry of judgment (*Church* v. *Church*, 40 Cal.App.2d 701 [105 P.2d 643]), modification of a judgment (*Putnam* v. *Cameron*, 129 Cal.App.2d 89 [276 P.2d 102], or for retrial of a partially tried cause (*City of Los Angeles* v. *Cole*, 28 Cal.2d 509 [170 P.2d 928]).

A valid stipulation must be supported by consideration, but where a stipulation has been presented to the court and acted upon by the parties it must be deemed to be supported by consideration (*Scheeline* v. *Moshier*, 172 Cal. 565 [158 P. 222]). Since appellants did not move to be relieved from the stipulation in the trial court, relief cannot be granted where first sought on appeal. (*Warburton* v. *Kieferle*, 135 Cal.App.2d 278 [287 P.2d 1]; *Thayer* v. *Board of Osteopathic Examiners*, 157 Cal.App.2d 4 [320 P.2d 28]; *Stickel* v. *San Diego Electric Railway Co.*, 32 Cal.2d 157 [195 P.2d 416].)

It is clear from the terms of the stipulation that the findings and judgment previously signed by the court had been set aside and were without legal effect when the court granted the motion for a new trial. Since there was then no completed trial, the order must be considered ineffective as one granting a new trial. (*Reimer* v. *Firpo*, 94 Cal.App.2d 798 [212 P.2d 23]; *Gollard* v. *Bayless*, 174 Cal.App.2d 828 [345 P.2d 299].)

An order purporting to grant a "new trial" where there is no completed trial will be interpreted as an order for a *mistrial*. Such an order is nonappealable. (*Reimer* v. *Firpo, supra.*)

The peregrinations of the participants in the catawamptious procedure here presented convince this court that the cognomen "mistrial" is an applicable verity.

The orders appealed from are nonappealable. Respondent's motion to dismiss the appeal should be granted. Appeal dismissed.

Mussell, J., and Shepard, J., concurred.