[Civ. No. 10152.   Third Dist.   June 15, 1961.]

VICTOR BORDIN, Respondent, v. PAULINE BORDIN, Appellant.

Landis & Martin and Robert V. Blade for Appellant.

McPherson & Mulkey for Respondent.

WARNE, J. pro tem.*—At the conclusion of the trial of this action findings of fact and conclusions of law were waived by both parties, whereupon an interlocutory decree of divorce was awarded to each of the parties. Defendant has appealed from the interlocutory judgment. The case comes to us solely upon the clerk's record.

Although appellant appeals from the judgment and "the whole thereof," appellant accepts those parts of the judgment (1) awarding both parties a divorce, (2) awarding custody of the minor children, (3) providing for support, (4) awarding alimony to appellant, and (5) awarding counsel fees to both the appellant and respondent. Appellant's only contentions on appeal are that the trial court erred in the interlocutory decree by ordering an immediate division of the community property and that the division ordered was unjust in that there was no equal division of the community property.

■ Appellant correctly contends that the portions of the interlocutory decree purporting to make an immediate disposition of property are erroneous. (*Gudelj* v. *Gudelj*, 41 Cal.2d 202, 214 [259 P.2d 656]; citing *Dowd* v. *Dowd*, 111 Cal.App.2d 760, 765 [245 P.2d 339]; *Slavich* v. *Slavich*, 108 Cal.App.2d 451, 457 [239 P.2d 100]; *Wilson* v. *Wilson*, 76 Cal.App.2d 119, 129 [172 P.2d 568].) However, the immediate disposition in such cases is not a jurisdictional defect. (See *Gudelj* v. *Gudelj, supra.*) It was proper for the trial court to determine in its interlocutory decree the status of the property and how it ought to be assigned upon entry of

---

*Assigned by Chairman of Judicial Council.

the final decree. (*Wilson* v. *Wilson, supra.*) As the error is correctible justice will be best served by modification of the decree to provide for disposition of the property upon entry of the final decree. (*Dowd* v. *Dowd, supra*; see also *Dallman* v. *Dallman,* 164 Cal.App.2d 815, 821 [331 P.2d 245].)

Appellant's primary contention is that the trial court erred in making the allocation of value of various parcels of land and personal property and as a result thereof the defendant did not secure an equal division of the property involved under the interlocutory decree. ▮ Each party was granted a divorce on the ground of extreme cruelty, and under such circumstances each is entitled to one-half of the community property. (*De Burgh* v. *De Burgh,* 39 Cal.2d 858 [250 P.2d 598].)

We do not believe that the appellant is in a position to urge the above contention. It appears from the record that a document entitled, "Division of Community Property Under Proposed Order," itemizing the property, was received in evidence by stipulation made in open court in the presence of each of the parties and that the outline or division as therein contained was equal in dollar value, "with both parties receiving the equivalent in dollar value of one-half of the total community property."

There is nothing in the record to show that the court did not divide the property pursuant to the stipulation. ▮ As said in *Barendregt* v. *Downing,* 175 Cal.App.2d 733, 736 [346 P.2d 870], " 'Such a stipulation . . . when made in open court . . . constitutes not only an agreement between the parties, but also one between them and the court, which the court is bound to enforce for the benefit of those interested and for the protection of its own honor and dignity.' (46 Cal.Jur.2d (Stipulations) § 2.)" ▮ A stipulation relating to the division of property under circumstances similar to the case at bar was held to be binding upon the parties. (*Steele* v. *Steele,* 132 Cal.App.2d 301 [282 P.2d 171].) Relief from such a stipulation cannot be first sought upon appeal. (*Fowler* v. *Fowler,* 126 Cal.App.2d 496 [272 P.2d 546].) There is nothing to indicate that appellant sought to set the stipulation aside in the lower court, nor does the appellant now argue that the stipulation is voidable. The fact that there has been a substitution of attorneys does not affect the matter. (*Smith* v. *Whittier,* 95 Cal. 279 [30 P. 529].) ▮ Furthermore, where it appears that findings of fact and conclusions of law have been waived, it is presumed that the trial court

found all facts necessary to support the judgment. (*Bekins Van Lines, Inc.* v. *Johnson,* 21 Cal.2d 135 [130 P.2d 421].)

In view of what we have hereinabove stated other matters presented in the briefs do not require discussion.

It is ordered that the interlocutory decree be modified as herein indicated and as so modified the judgment is affirmed.

Van Dyke, P. J., and Peek, J., concurred.

A petition for a rehearing was denied July 12, 1961.