[Crim. No. 2666. Fifth Dist. Feb. 25, 1977.]

THE PEOPLE, Plaintiff and Respondent, v.
JAMES LEE TRUJILLO, Defendant and Appellant.

## COUNSEL

Jonathan Matthew Purver, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Robert D. Marshall and John W. Spittler, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**BROWN (G. A.), P. J.**—Appellant, James Lee Trujillo, appeals from a judgment upon a jury verdict finding him guilty of second degree robbery. (Pen. Code, § 211.)

No issue is presented as to the sufficiency of the evidence to support the verdict. Accordingly, a summary of only those facts essential to support the judgment will be recited.

The 73-year-old victim, Robert Lovette Bates, resided in a trailer court in Madera. On October 13, 1975, between 7 and 8 p.m., he was being visited by Mr. and Mrs. Ruben Salcido and appellant's former wife, Sally. Appellant, who was staying with the Salcidos in a nearby trailer that night, entered the trailer and spoke to Sally. Sally then asked to borrow $10 from Bates. When he refused to give her the money, appellant jumped up and struck Bates. The Salcidos and Sally left. Appellant seized Bates by the throat and held him while removing $111 from his pockets. Appellant threatened to cut Bates' head off if he telephoned the police.

Pursuant to a written stipulation entered into between the prosecutor and appellant's then counsel and signed by appellant personally, the results of a polygraph examination administered to appellant were admitted into evidence. The examiner testified in substance that the test indicated appellant was practicing deception when he denied forcibly

taking the money from Bates and threatening Bates with harm if he called the police.

The issues will be treated seriatim.

■    Appellant contends that the trial court erred in failing to dismiss the case for alleged failure to file an information within 15 days after appellant was held to answer.

Penal Code section 1382 provides in pertinent part:

"The court, unless good cause to the contrary is shown, must order the action to be dismissed in the following cases:

"1. When a person has been held to answer for a public offense and an information is not filed against him within 15 days thereafter."

Appellant predicates his argument of a 23-day delay on the assumption the period starts from the date of filing of the complaint. This is erroneous. Penal Code section 872 in effect defines holding to answer as the order by a magistrate after the preliminary examination binding the defendant over to the superior court. (See Pen. Code, § 858 et seq.; *People* v. *Ganger* (1950) 97 Cal.App.2d 11 [217 P.2d 41]; *People* v. *Thomas* (1949) 90 Cal.App.2d 491, 493 [203 P.2d 567].)

The appellant was held to answer by an order dated October 29, 1975, and an information was filed against him in the superior court on November 5, 1975, a period of only seven days. Therefore, the provisions of Penal Code section 1382 have been satisfied and appellant's argument has no merit.

■    Appellant next argues that the trial court erred in refusing to grant defense counsel's motion to set aside the stipulation consenting to the introduction of appellant's polygraph examination results.

The stipulation consenting to the polygraph examination and its admission into evidence was signed by appellant's former attorney and by the appellant personally. Appellant's former attorney was replaced at the request of appellant. The court's comments at the time of the motion

to be relieved from the stipulation relating to the polygraph test[1] and the grounds of appellant's motion to relieve his former counsel[2] indicate that the former attorney was not replaced because of lack of competence in handling criminal cases or for any reason associated with the stipulation.

The replacing attorney was appointed on December 19, 1975. The first time any objection was made to the introduction of the polygraph testimony was during the second day of trial, on January 20, 1976, when a polygraph examiner's testimony was offered—a month after the new attorney was in the case. At that time the following colloquy occurred:

"MR. DAHMAN: Yes, Your Honor. The record will reflect, I believe, that the stipulation referred to by counsel was filed December 5, 1975, which was a substantial length of time before my appointment to represent the Defendant in this matter, and I had no knowledge whatever of the background leading up to that stipulation. I know only that I have very serious reservations about consenting to the admission of a polygraph examination in a trial of the seriousness of the one before the Court.

"THE COURT: Counsel, it would appear that the Defendant, while represented by counsel, has already consented.

---

[1]Those comments were:

"THE COURT: The Court notes that Mr. Gendron did represent Mr. Trujillo at the time of the stipulation. Mr. Gendron is an attorney of considerable experience. As I recall, he was the District Attorney here in the County of Madera for eight years.

"MR. HOFFMAN [Assistant District Attorney]: Correct, Your Honor.

"THE COURT: He would be well aware of the consequences of such a stipulation. Upon the representations made to the Court at this time I see no reason to exclude the stipulation, or rather the fruits of the stipulation, namely, the results of the polygraph examination. . . ."

[2]Those grounds as stated in his motion were:

"In or about the year of 1968, the said defendants family did rent and have a transaction with one attorney *Mr. Lester J. Gendron.* Now having been appointed by the court to represent him, and prepare a case for a jury trial in the Puperion [sic] Court, County of Madera.

"The defendant feels that this appointed attorney would not prepare a fare [sic] case, and has persuaded the defendant to plead guilty to a lesser charge or Section 487.2 P.C. Grand Theft.

"Defendant not reliezing [sic] what he was pleading too [sic]. Then changing his plea from guilty to not guilty, and feels that another Public Defender should be appointed to prepare his case."

The appellant had entered into a plea bargain pursuant to which he was to plead to a lesser offense if he were found eligible for a C.R.C. commitment. The judge found him not eligible, resulting in his withdrawal of his plea of guilty and reinstatement of his not guilty plea to the robbery offense of which he was convicted.

"MR. DAHMAN: Yes, Your Honor. However, I would respectfully interpose an objection to the introduction of the evidence, notwithstanding.

"THE COURT: State your grounds.

"MR. DAHMAN: On the grounds that I was not a party to the stipulation and had no knowledge of its background history, and I feel that the introduction of the polygraph evidence would seriously jeopardize the Defendant's opportunity for a fair trial, while at the same time providing prejudice to the Jury.

"MR. HOFFMAN: Your Honor, I believe, although I cannot swear to it—it is my understanding that Mr. Dahman has been aware of this stipulation for some time. If there was any question as to the circumstances under which it was entered, it would have been a simple matter for Mr. Dahman to have inquired of the Defendant's then attorney, Mr. Gendron. I submit that the mere substitution of counsel is no ground whatever for voiding or nullifying a stipulation which on its face appears to be good and valid."

■ It is well settled in California that absent a stipulation the results of a polygraph examination are not admissible into evidence at trial. ■ It is equally well settled that the results of a polygraph examination may be admitted into evidence at the trial pursuant to a stipulation entered into by both parties. (*Robinson* v. *Wilson* (1974) 44 Cal.App.3d 92, 103 [118 Cal.Rptr. 569]; see *People* v. *Thornton* (1974) 11 Cal.3d 738, 763-764 [114 Cal.Rptr. 467, 523 P.2d 267]; *People* v. *Adams* (1975) 53 Cal.App.3d 109, 119 [125 Cal.Rptr. 518]; Witkin, Cal. Evidence (2d ed. 1966) § 664, pp. 623-624.) This rule has been applied in criminal cases on the theory that it would not be fair to permit a defendant who has entered such a stipulation to oppose the introduction of polygraph results when they turn out to be adverse to him. (*People* v. *Davis* (1969) 270 Cal.App.2d 841, 844 [76 Cal.Rptr. 242]; *People* v. *Houser* (1948) 85 Cal.App.2d 686, 694-695 [193 P.2d 937]; see also *People* v. *Williams* (1963) 223 Cal.App.2d 676, 679 [35 Cal.Rptr. 805]; *People* v. *Zavaleta* (1960) 182 Cal.App.2d 422, 430 [6 Cal.Rptr. 166].)

■ Either party may move the court to be relieved from the binding effect of a stipulation previously entered into, and it is within the sound discretion of the trial court whether or not such relief should be granted; in this regard the decision of the trial court will not be disturbed by an

appellate court absent an abuse of discretion. (*Gonzales* v. *Pacific Greyhound Lines* (1950) 34 Cal.2d 749, 755 [214 P.2d 809]; *Moffitt* v. *Jordan* (1900) 127 Cal. 628, 629 [60 P. 175]; *Brown* v. *Superior Court* (1935) 10 Cal.App.2d 365, 367 [52 P.2d 256].) ■ The grounds upon which the trial court may exercise its discretion are that the stipulation was entered into as the result of fraud, misrepresentation, mistake of fact, or excusable neglect (*Leonard* v. *City of Los Angeles* (1973) 31 Cal.App.3d 473, 478 [107 Cal.Rptr. 378]; *People* v. *Dugas* (1966) 242 Cal.App.2d 244, 252 [51 Cal.Rptr. 478]; *People* v. *Zavaleta, supra,* 182 Cal.App.2d 422, 430), that the facts have changed, or that there is some other special circumstance rendering it unjust to enforce the stipulation. (*People* v. *Sameniego* (1931) 118 Cal.App. 165, 175 [4 P.2d 809, 5 P.2d 653]; *Gonzales* v. *Pacific Greyhound Lines, supra,* 34 Cal.2d 749, 755.) ■ The record herein is totally devoid of facts purporting to show any of the above grounds for relief from the stipulation.

It has been held that the mere fact there has been a change of attorneys does not relieve a party of a stipulation entered into by the previous attorney: "An attorney who is substituted for another in a cause has no greater rights than his predecessor, nor is his client's position in the case in in [*sic*] any way changed by such substitution. He steps into the place of his predecessor, and stands, with reference to the case and to the other party, precisely as did his predecessor, and can repudiate or be relieved from an agreement that had been made by him only to the same extent and in the same manner as could his predecessor." (*Smith* v. *Whittier* (1892) 95 Cal. 279, 289 [30 P. 529].) (See also *Bordin* v. *Bordin* (1961) 193 Cal.App.2d 132, 134 [13 Cal.Rptr. 837]; see *Thayer* v. *Board of Osteopathic Examiners* (1958) 157 Cal.App.2d 4, 8 [320 P.2d 28].)

As will be seen from the transcript of the colloquy between the court and counsel (*ante*), counsel's only ground for relief from the stipulation was that he was not a party to it. On this record the conclusion is inescapable that the trial court did not abuse its discretion in refusing to relieve appellant from the stipulation. (*Palmer* v. *City of Long Beach* (1948) 33 Cal.2d 134, 141 [199 P.2d 952], cited with approval in *Spindell* v. *State Bar* (1975) 13 Cal.3d 253, 260 [118 Cal.Rptr. 480, 530 P.2d 168].)

■ Next appellant contends that the court erred in refusing to grant him a new trial.

His new trial motion was grounded upon Penal Code section 1181, subdivision 8 (newly discovered evidence), and was supported by the

declaration of one David Randall Johnson. Johnson's declaration stated in substance that on the evening of the crime in question, at about 7 p.m., appellant came to his residence at the Madera Motel without money or a place to sleep. Declarant provided him with food and a place to sleep, and appellant did not leave the apartment all night.

■ "To entitle a party to have a new trial on this ground, 'it must appear,—"1. That the evidence, and not merely its materiality be newly discovered; 2. That the evidence be not cumulative merely; 3. That it be such as to render a different result probable on retrial of the cause; 4. That the party could not with reasonable diligence have discovered and produced it at the trial; and 5. That these facts be shown by the best evidence of which the case admits." ' (*People* v. *Beard*, 46 Cal.2d 278, 281 [294 P.2d 29]; *People* v. *McGarry, supra*, [42 Cal.2d] at p. 433; *People* v. *Sutton*, 73 Cal. 243, 247 [15 P. 86].)" (*People* v. *Williams* (1962) 57 Cal.2d 263, 270 [18 Cal.Rptr. 729, 368 P.2d 353]; see also *People* v. *Beyea* (1974) 38 Cal.App.3d 176, 202 [113 Cal.Rptr. 254].)

■ The insufficiency of appellant's showing under these criteria is manifest. There is no explanation why his testimony was not produced at trial, and it is patent that it was known to the appellant at that time. Counsel argued at the new trial hearing in explanation that it was not until the appellant developed information that the victim had given away his money that the question of the appellant not having any money became important and that that aspect of it was discovered by the appellant after the trial. However, as indicated in *People* v. *Williams, supra*, the showing of diligence must be due diligence in discovering the evidence, not in discovering the materiality of that evidence.

Furthermore, the proffered testimony of Mr. Johnson would be merely cumulative in that it would tend to impeach the eyewitness testimony of the Salcidos and the victim concerning the presence of appellant at the victim's trailer on the night in question.

Significantly, Mr. Johnson's testimony would also impeach that of appellant himself because appellant stated he had gone to the trailer several times during the evening of the crime, and particularly on one occasion at 1 a.m. on the morning after the evening that the crime occurred.

It must be concluded that the trial court did not abuse its discretion in denying the motion for a new trial.

██ ██ Lastly, appellant contends that he was denied his right to the effective assistance of counsel due to his trial counsel's handling of the motion for a new trial.

Appellant's contention is grounded on the arguments that (1) he failed to have the newly discovered witness testify at the hearing although the witness was in fact available and could have been reached, and (2) he utilized the wrong format and mode of pleading in making the motion for a new trial.

██ A contention of inadequate counsel must be supported by a showing that as a matter of demonstrable reality the trial was reduced to a farce or a sham by counsel's lack of competence or diligence due to his ignorance of the facts or the law. (*People* v. *Jenkins* (1975) 13 Cal.3d 749, 753-755 [119 Cal.Rptr. 705, 532 P.2d 857] (cert. den., 423 U.S. 860 [46 L.Ed.2d 88, 96 S.Ct. 115]); *People* v. *Hill* (1969) 70 Cal.2d 678 [76 Cal.Rptr. 225, 452 P.2d 329] (cert. den., 406 U.S. 971 [32 L.Ed.2d 671, 92 S.Ct. 2416]); *People* v. *Ibarra* (1963) 60 Cal.2d 460 [34 Cal.Rptr. 863, 386 P.2d 487].)

In cautioning against speculating as to the basis of decisions made by trial counsel, the Supreme Court in *Jenkins* iterated: " '. . . There may be considerations not shown by the record, which could never be communicated to the reviewing court as a basis for its decision. Thus, the appellate court's inability to understand why counsel did as he did cannot be a basis for inferring that he was wrong.' (*People* v. *Garrison* (1966) 246 Cal.App.2d 343, 350-351 [54 Cal.Rptr. 731] (citations omitted); quoted with approval in *People* v. *Hoffman* (1970) 7 Cal.App.3d 39, 45 [86 Cal.Rptr. 435]; *People* v. *Perry* (1969) 271 Cal.App.2d 84, 114-115 [76 Cal.Rptr. 725].)" (13 Cal.3d at p. 755.)

██ Turning to the specific points raised by appellant, it is first noted that counsel was not required to have the declarant at the hearing. A new trial motion on the basis of newly discovered evidence need only be supported by declarations or affidavits and it is not necessary to produce the witness at the hearing. (Pen. Code, § 1181, subd. 8; see *People* v. *Douglas* (1935) 9 Cal.App.2d 63, 64 [48 P.2d 725].) The decision not to produce the witness is a matter of trial tactics. (*In re Saunders* (1970) 2 Cal.3d 1033 [88 Cal.Rptr. 633, 472 P.2d 921].)

██ Appellant's second point is based upon the alleged failure of counsel to show the reasons why the new evidence was not produced at

the trial and the reasons for the failure to discover the witness before or during the trial. However, the fact that these reasons were not presented by way of declaration or other evidence supporting the motion for a new trial does not demonstrate that counsel was unaware of the requirement. On the contrary, under the facts of this case the omission probably was due to counsel's inability to make a showing that appellant was unaware of the fact that appellant had an alibi witness with whom he was supposed to have been during the critical times. Counsel probably did the best he could by arguing as he did that appellant was unaware of the materiality, as opposed to the existence, of the favorable evidence. As has been pointed out, such a showing is insufficient.

As was stated in *People* v. *Clauson* (1969) 275 Cal.App.2d 699, 707: "No case has been brought to our attention and we have found none in which a motion for a new trial has been successfully prosecuted on the basis of alibi evidence. Denials of retrials have understandably recognized that alibi evidence is singularly a fact within the defendant's knowledge. (See *People* v. *Miller, supra,* 37 Cal.2d 801; *People* v. *Fortune* (1935) 8 Cal.App.2d 588 [47 P.2d 755].)"

It cannot be said on this record that trial "counsel was ignorant of the facts or the law and that such ignorance resulted in withdrawal of a crucial defense, reducing the trial to a 'farce and a sham.' " (*People* v. *Jenkins, supra,* 13 Cal.3d 749, 753.)

The judgment is affirmed.

Gargano, J., and Franson, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 21, 1977.