******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

DIANE COLBY *v.* ARTHUR COLBY
(AC 41102)

Lavine, Prescott and Elgo, Js.

*Syllabus*

The defendant, whose marriage to the plaintiff previously had been dissolved
pursuant to a California dissolution judgment, appealed to this court
from the judgment of the trial court denying his motion for relief from
a 2007 stipulation of the parties that had been approved and adopted
as an order by the California court. Pursuant to the stipulation, the
parties agreed that the defendant owed the plaintiff $241,416 in past
due child support payments plus interest. The stipulation also included
an acknowledgement that the defendant was advised to seek legal coun-
sel regarding the terms and execution of the stipulation but that he
freely and voluntarily elected to represent himself. In an unrelated per-
sonal injury action brought by the defendant against the plaintiff, the
parties entered into a settlement agreement pursuant to which the defen-
dant acknowledged the debt that he owed to the plaintiff pursuant to
the 2007 order and the defendant received $48,000, which was credited
toward the satisfaction of that debt. In 2016, the plaintiff domesticated
the 2007 order in Connecticut pursuant to statute (§ 46b-71) and filed,
inter alia, a motion for contempt, alleging various arrearages. Thereafter,
the defendant filed the subject motion for relief from the 2007 order on
the grounds that the stipulation was the product of fraud and that he
had signed it while under duress. Following a hearing, the trial court
denied the motions for contempt and for relief from the 2007 order,
and ordered the defendant to pay the stipulated amount plus accrued
interest. In its memorandum of decision, the court detailed its application
of California law to the defendant's claims and found that there a paucity
of credible evidence that the defendant was under duress when he
executed the stipulation, and that he failed to apply for the relief or
protections offered by the applicable California provisions within the
time limitations that California law provided. Thereafter, the court
granted the defendant's motion to reargue and determined that the
defendant owed the plaintiff $397,523.96, which consisted of $241,416
pursuant to the 2007 order minus the $48,000 settlement credit, plus
postjudgment interest. On the defendant's appeal to this court, *held*:
1. The trial court did not abuse its discretion in denying the defendant's
   motion for relief from the 2007 order on the ground that he failed to
   timely seek relief under California law, as that court's finding that there
   was no extrinsic fraud was not clearly erroneous; the record revealed
   that the defendant did not present any evidence that the plaintiff pre-
   vented him from timely presenting a claim seeking relief from the stipula-
   tion due to alleged inaccuracies within it regarding the amount of the
   arrearage, that the stipulation advised the defendant to seek counsel
   regarding its terms, but the defendant voluntarily elected not to do so,
   and that not only did the defendant fail to avail himself of the protections
   offered under California law following the entry of 2007 order, but he
   also, while represented by counsel, reiterated and acknowledged the
   arrearage that he owed to the plaintiff when he settled the personal
   injury case.
2. Contrary to the defendant's claim, the trial court properly calculated
   postjudgment interest; the 2007 order constituted a money judgment,
   which, under California law, bears statutory postjudgment interest on
   the principal and accrued interest, and, therefore, the court properly
   calculated postjudgment interest on the basis of the entire balance owed
   by the defendant.

Argued February 8—officially released May 21, 2019

*Procedural History*

Action to enforce a foreign judgment of dissolution,
brought to the Superior Court in the judicial district
of Hartford, where the court, *Nastri, J.,* denied the

defendant's motion for relief from a certain stipulation of the parties that had been approved and adopted as an order by the foreign court; thereafter, the court, *Nastri, J.*, granted the defendant's motion to reargue and modified the amount that the defendant owed to the plaintiff, and the defendant appealed to this court. *Affirmed.*

*Patrick W. Boatman*, with whom, on the brief, was *Erin E. Boatman*, for the appellant (defendant).

*Diane Frances Colby*, self-represented, the appellee (plaintiff) filed a brief.

*Opinion*

LAVINE, J. The defendant, Arthur Colby, appeals from the judgment of the trial court rendered after the plaintiff, Diane Colby, sought to enforce a California judgment pursuant to General Statutes § 46b-70 et seq.[1] On appeal, the defendant claims that the court improperly (1) denied him relief from the California judgment, (2) declined to order the plaintiff to produce receipts in support of child support expenditures,[2] and (3) calculated postjudgment interest. We affirm the judgment of the trial court.

The following facts, as found by the trial court, and procedural history underlie this appeal. The parties were married on February 23, 1980, and they have one child who was born in 1988. The marriage broke down, and they divorced. On April 19, 1996, the parties entered into a marital settlement agreement. On October 4, 1996, this agreement, which required the defendant to pay child and spousal support, was approved by and incorporated into a dissolution judgment in the California Superior Court. According to the judgment, the defendant was to pay $1080 per month to the plaintiff for child support until their child reached age nineteen, died, or was emancipated; to pay one half of child care costs, education expenses, and medical expenses; to pay a percentage of additional income he earned; and to maintain a life insurance policy. Additionally, the defendant was to pay the plaintiff spousal support of $120 per month.

The defendant sought a modification of the dissolution judgment due to a reduction in his income. On November 16, 2000, following a hearing, the dissolution judgment was modified by the California Superior Court. By the terms of the modification, the defendant was to pay child support of $531 per month until February, 2001, when child support was reduced to $497 per month; to pay $150 per month toward the child support arrearage; and to pay one half of the child's tutoring expenses with the plaintiff providing receipts.

The defendant failed to abide by the terms of the modification, and, on April 25, 2007, the plaintiff filed an application in the California Superior Court for an assignment order and determination of arrearages, alleging that the defendant had not paid the full amount of child support; had not contributed to medical expenses, child care costs, or education costs; did not maintain a life insurance policy or reimburse the plaintiff for life insurance premiums that she paid on his behalf; and had not paid spousal support.

On July 12, 2007, the parties entered into a stipulation that was approved and adopted as an order of the California Superior Court (2007 judgment). Pursuant to the 2007 judgment, the parties agreed that the defendant owed the plaintiff a total of $241,416 in past due child

support payments plus interest.[3] Included in the stipulation was an acknowledgement by the parties that the defendant was advised to seek legal counsel regarding the terms and execution of the stipulation, but that he "freely and voluntarily elected to represent himself . . . ." There were no further proceedings in the matter subsequent to the 2007 judgment.

In 2006, the plaintiff's dog bit the defendant's face, and he commenced a personal injury action against the plaintiff. The action was resolved by means of an August 27, 2009 settlement. Pursuant to the settlement, the defendant acknowledged the $241,416 debt he owed to the plaintiff pursuant to the 2007 judgment. When he entered into the settlement and signed the release, the defendant was represented by counsel who stated that he "fully explained the terms and conditions of the foregoing [r]elease . . . to [the defendant], that [the defendant] acknowledged . . . that he understands said [r]elease and the legal effects thereof, [and that counsel] believe[d] that [the defendant] understands the [r]elease and the legal effect of the [r]elease . . . ." Pursuant to the settlement agreement, the defendant received $48,000 in the form of credit toward the satisfaction of the 2007 judgment.

In March, 2016, the plaintiff filed the 2007 judgment in Connecticut pursuant to General Statutes § 46b-71. On April 7, 2016, she filed a motion for contempt, dated March 29, 2016, alleging various arrearages, and filed a motion to implead[4] on August 10, 2016. On August 15, 2016, the defendant filed a motion for relief from the 2007 judgment on the grounds of fraud and duress.[5] A hearing on the motions took place on December 9, 2016, and January 5, 6 and 31, 2017.

On August 2, 2017, the court denied the motions for contempt, to implead, and for relief, and ordered the defendant to pay the plaintiff $465,498.29 in installments with interest accruing at a rate of 10 percent. In its memorandum of decision, the court detailed its application of California law, including California Code of Civil Procedure § 473[6] and California Family Code § 2122,[7] to the defendant's claims and found that, not only was there a "paucity of credible evidence that the defendant was under duress when he executed the stipulation," but that the defendant failed to apply for the relief or protections offered by the California provisions within the time limitations that California law provided.

The defendant filed a motion to reargue on August 22, 2017, challenging the court's calculation of the arrearage amount. The court granted the defendant's motion and heard oral argument on October 26, 2017. On November 6, 2017, the court determined that the defendant was liable to the plaintiff in the amount of $397,523.96. This total consisted of $241,416 pursuant to the 2007 judgment, less a $48,000 credit from the dog bite settlement, plus postjudgment interest. The

defendant appealed to this court.[8] Additional facts will be set forth as necessary.

Before addressing the merits of the plaintiff's claims, we set forth the standard for our review and relevant legal principles. "Foreign matrimonial judgments may be enforced, modified or otherwise dealt with in Connecticut pursuant to the provisions of General Statutes §§ 46b-70 through 46b-75. Section 46b-71 requires the filing of a certified copy of a foreign matrimonial judgment in the courts of this state where enforcement is sought and empowers the courts of this state to treat such a judgment in the same manner as any like judgment of a court of this state. . . . When modifying a foreign matrimonial judgment, a Connecticut court must apply the substantive law of the foreign jurisdiction." (Citation omitted; internal quotation marks omitted.) *Lindo* v. *Lindo*, 48 Conn. App. 645, 649, 710 A.2d 1387 (1998).

Under California law, "[e]ither party [to a stipulation] may move the court to be relieved from the binding effect of a stipulation previously entered into, and it is within the sound discretion of the trial court whether or not such relief should be granted; in this regard the decision of the trial court will not be disturbed by an appellate court absent an abuse of discretion. . . . The grounds upon which the trial court may exercise its discretion [to grant relief from a stipulation] are that the stipulation was entered into as the result of fraud, misrepresentation, mistake of fact, or excusable neglect . . . that the facts have changed, or that there is some other special circumstance rendering it unjust to enforce the stipulation." (Citations omitted.) *People* v. *Trujillo*, 67 Cal. App. 3d 547, 554–55, 136 Cal. Rptr. 672 (1977).

"[T]he standard of review in family matters is well settled. An appellate court will not disturb a trial court's orders in domestic relations cases unless the court has abused its discretion or it is found that it could not reasonably conclude as it did, based on the facts presented. . . . In determining whether a trial court has abused its broad discretion in domestic relations matters, we allow every reasonable presumption in favor of the correctness of its action. . . . Appellate review of a trial court's findings of fact is governed by the clearly erroneous standard of review. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. . . . Our deferential standard of review, however, does not extend to the court's interpretation of and application of the law to the facts. It is axiomatic that a matter of law is entitled to plenary review on appeal." (Citation omitted; footnote omitted; internal quotation marks omitted.)

*Princess Q. H.* v. *Robert H.*, 150 Conn. App. 105, 111–12, 89 A.3d 896 (2014).

## I

The defendant claims that the court improperly (1) denied his request for relief from the 2007 judgment and (2) declined to order the plaintiff to produce receipts in support of the court's calculation of arrearage that was agreed to in the stipulation. In essence, the defendant argues that the court failed to engage in an analysis of the accuracy of the arrearage as agreed to in the stipulation, and, because the arrearage was inaccurate, the 2007 judgment should have been set aside due to extrinsic fraud. We disagree.

The court determined that, although there were protections available to the defendant under California Code of Civil Procedure § 473 and California Family Code § 2122,[9] the defendant failed to timely raise any claims regarding the stipulation. The court found that after the stipulation was adopted as an order of the court on July 12, 2007, there were no further proceedings in the matter. Further, the defendant failed to articulate why he could not have timely availed himself of the protections offered to him under California law. Rather, the defendant argues an exception to the time limitations due to extrinsic fraud, and faults the court for failing to make findings regarding whether equitable relief was warranted due to the claimed inaccuracies within the stipulation.

"Extrinsic fraud occurs when a party is deprived of the opportunity to present his claim or defense to the court; where he was kept ignorant or, other than from his own negligence, fraudulently prevented from fully participating in the proceeding. . . . Examples of extrinsic fraud are: concealment of the existence of a community property asset, failure to give notice of the action to the other party, and convincing the other party not to obtain counsel because the matter will not proceed . . . . The essence of extrinsic fraud is one party's preventing the other from having his day in court."(Citations omitted; internal quotation marks omitted.) *Estate of McGuigan*, 83 Cal. App. 4th 639, 649–50, 99 Cal. Rptr. 2d 887 (2000).

The defendant did not present to the court any evidence that the plaintiff prevented him from timely presenting a claim seeking relief from the stipulation due to inaccuracies within it. Additionally, the stipulation itself advised the defendant to seek counsel regarding its terms, but the defendant voluntarily elected not to do so. Not only did the defendant fail to avail himself of the protections offered under California law after the 2007 judgment was entered, but he also, while represented by counsel, reiterated and acknowledged the arrearage he owed to the plaintiff when he settled the personal injury case in 2009. We conclude that the

court's finding of no extrinsic fraud is not clearly erroneous and that the court did not abuse its discretion by denying relief to the defendant from the 2007 judgment on the ground of his failure to timely seek relief.

The defendant additionally takes issue with the expenses outlined within the stipulation and argues that the trial court improperly failed to engage in an analysis of the accuracy of the arrearage to which he agreed. Because we conclude that the court did not err in denying the defendant relief from the 2007 judgment, we need not address the defendant's argument that the terms within the 2007 judgment, which he willingly agreed to more than ten years before bringing a claim challenging the calculation of the arrearage, were inaccurate. For this same reason, the defendant's second claim, that the court erred in declining to order the plaintiff to produce receipts in support of the stipulation's arrearage calculation, also fails.

II

The defendant's final claim is that the court improperly calculated postjudgment interest. Specifically, the defendant argues that the court improperly applied interest to the total arrearage, which included accrued interest, rather than to the principal amount of the arrearage, and that he should not be responsible for the compounded interest. We disagree.

In calculating the postjudgment interest, the court properly determined that "[u]nder California law, interest continues to accrue on both the principal amount of the arrearages as well as the interest already accrued."

"[California] Code of Civil Procedure [§] 685.020 contains the basic rule for calculating postjudgment interest . . . . [I]nterest commences to accrue on a money judgment on the date of entry of the judgment. . . . Unless the judgment otherwise provides, if a money judgment is payable in installments, interest commences to accrue as to each installment on the date the installment becomes due.

"Further, [California] Code of Civil Procedure [§] 685.010, subdivision (a) establishes that [i]nterest accrues at the rate of 10 percent per annum on the principal amount of a money judgment *remaining unsatisfied*. . . .

"Delinquent child support payments accrue postjudgment interest under the rules applicable to installment judgments. Statutory interest on unpaid child support payments accrues as a matter of law as to each installment when each installment becomes due. . . . Accrued arrearages are treated like a money judgment for purposes of assessing statutory interest. Unless otherwise specified in the judgment, interest accrues as to each installment when each installment becomes due and continues to accrue for so long as the arrearage remains unpaid. . . . Because accrued arrearages are

treated like money judgments, courts cannot retroactively modify or terminate the arrearages. . . . Interest accrues as a matter of law [on unpaid child support], and parents are charged with knowledge of the law." (Citations omitted; emphasis in original; internal quotation marks omitted.) *In re Marriage of McClellan*, 130 Cal. App. 4th 247, 250–51, 30 Cal. Rptr. 3d 5 (2005).

"After [a judgment], postjudgment interest accrues on any unpaid principal *and* interest." (Emphasis in original.) *Brown* v. *California Unemployment Ins. Appeals Board*, 20 Cal. App. 5th 1107, 1119, 229 Cal. Rptr. 3d 710 (2018). "[I]t has generally been held that a judgment bears interest on the whole amount thereof, although such amount is made up partly of interest on the original obligation, and even though the interest is separately stated in the judgment. *This rule is not affected by statutes which prohibit the allowance of compound interest . . . .*" (Emphasis added; internal quotation marks omitted.) *Big Bear Properties, Inc.* v. *Gherman*, 95 Cal. App. 3d 908, 915, 157 Cal. Rptr. 443 (1979). "Another common situation in which interest on interest is allowed is when prejudgment interest is incorporated in a judgment which then bears interest." *Westbrook* v. *Fairchild*, 7 Cal. App. 4th 889, 895, 9 Cal. Rptr. 2d 277 (1992).

In the present case, the 2007 judgment constituted a money judgment, which, under California law, bears statutory postjudgment interest on the principal and accrued interest. We, therefore, conclude that the court properly calculated postjudgment interest on the basis of the entire balance owed by the defendant from the amount agreed to in the stipulation.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] General Statutes §§ 46b-70 through 46b-75 govern the enforcement of foreign matrimonial judgments. General Statutes § 46b-71 (a) provides: "Any party to an action in which a foreign matrimonial judgment has been rendered, shall file, with a certified copy of the foreign matrimonial judgment, in the court in this state in which enforcement of such judgment is sought, a certification that such judgment is final, has not been modified, altered, amended, set aside or vacated and that the enforcement of such judgment has not been stayed or suspended, and such certificate shall set forth the full name and last-known address of the other party to such judgment and the name and address of the court in the foreign state which rendered such judgment."

[2] The defendant argues that the trial court erred in denying him relief from the California judgment, in part, because it failed to engage in an analysis of the accuracy of the arrearage as stated in the judgment and to order the plaintiff to produce receipts in support thereof. We, therefore, address these claims together.

[3] The parties agreed in relevant part:

"1. As of March 19, 2007, the [defendant] owes to [the plaintiff] a total of $241,416.00 in arrearages as follows:

"A. Spousal support arrearages: $10,440.00 principal, $7,178.00 interest, totaling $17,618.00.

"B. As of March 19, 2007, the [defendant] owes to the [plaintiff] the following child support arrearages:

"b. Base Child Support: $86,500.00 principal, $51,676.00 interest, totaling $138,176.00.

"c. Medical Support: $13,375.00 principal, $8,046.00 interest, totaling

$21,421.00.

"d. Child Care Expenses: $9,454.00 principal, $8,077.00 interest, totaling $17,531.00.

"e. Remedial Education: $25,212.00 principal, $11,851.00 interest, totaling $37,063.00.

"f. Life Insurance Premiums: $6,300.00 principal, $3,307.00 interest, totaling $9,607.00.

"3. Interest on the foregoing child support amounts, as well as principal amounts, shall constitute child support and not spousal support or family support."

[4] The plaintiff sought to implead the defendant's present wife, Jane Colby, and also sought to implead, on April 16, 2016, the defendant's mother, Laura Colby, who passed away before the court ruled on the motion.

[5] The defendant alleged in his motion that the stipulation "is the product of fraud and/or mistake as it does not comport with intervening orders which modified the [dissolution judgment and] as a result, the stipulation overstates the arrearages, includes support obligations which no longer apply . . . and does not give the defendant credit for cash payments he tendered to [the plaintiff] . . . ." Additionally, the defendant alleged that he signed the stipulation under duress, while he was unrepresented by counsel, was recovering from dog bite injuries, and was in a state of fear as he alleged that the plaintiff's counsel stated that if he did not sign the stipulation that he would spend ninety days in jail. The trial court found that, when the defendant signed the stipulation, he was in a law office in Connecticut and was not in the presence of the plaintiff's counsel. It concluded that the defendant was not under duress, and the defendant does not challenge that finding on appeal. Rather, the defendant argues that the trial court failed to consider the other grounds he alleged.

[6] California Code of Civil Procedure § 473 (b) provides in relevant part: "The court may, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect. Application for this relief shall be accompanied by a copy of the answer or other pleading proposed to be filed therein, otherwise the application shall not be granted, and shall be made within a reasonable time, in no case exceeding six months, after the judgment, dismissal, order, or proceeding was taken. . . ."

[7] California Family Code § 2122 provides: "The grounds and time limits for a motion to set aside a judgment, or any part or parts thereof, are governed by this section and shall be one of the following: (a) Actual fraud where the defrauded party was kept in ignorance or in some other manner was fraudulently prevented from fully participating in the proceeding. An action or motion based on fraud shall be brought within one year after the date on which the complaining party either did discover, or should have discovered, the fraud. (b) Perjury. An action or motion based on perjury in the preliminary or final declaration of disclosure, the waiver of the final declaration of disclosure, or in the current income and expense statement shall be brought within one year after the date on which the complaining party either did discover, or should have discovered, the perjury. (c) Duress. An action or motion based upon duress shall be brought within two years after the date of entry of judgment. (d) Mental incapacity. An action or motion based on mental incapacity shall be brought within two years after the date of entry of judgment. (e) As to stipulated or uncontested judgments or that part of a judgment stipulated to by the parties, mistake, either mutual or unilateral, whether mistake of law or mistake of fact. An action or motion based on mistake shall be brought within one year after the date of entry of judgment. (f) Failure to comply with the disclosure requirements of Chapter 9 (commencing with Section 2100). An action or motion based on failure to comply with the disclosure requirements shall be brought within one year after the date on which the complaining party either discovered, or should have discovered, the failure to comply."

[8] The plaintiff did not attend oral argument before this court. Therefore, this matter was considered on the basis of both parties' briefs, the defendant's oral argument, and the record.

[9] The defendant makes the additional argument that the court erred in relying on California Code of Civil Procedure § 473 and California Family Code § 2122 instead of relying on California Family Code § 3691, which provides in relevant part: "The grounds and time limits for an action or motion to set aside a support order, or any part or parts thereof, are governed by this section and shall be one of the following: (a) Actual fraud. Where

the defrauded party was kept in ignorance or in some other manner, other than his or her own lack of care or attention, was fraudulently prevented from fully participating in the proceeding. An action or motion based on fraud shall be brought within six months after the date on which the complaining party discovered or reasonably should have discovered the fraud. (b) Perjury. An action or motion based on perjury shall be brought within six months after the date on which the complaining party discovered or reasonably should have discovered the perjury. . . ."

We reject this argument because we note that the language in California Family Code § 3691 is practically the same language used in California Family Code § 2122, with the only difference being that of the addition of the phrase: "other than his or her own lack of care or attention." As such, even supposing that the court should have, as the defendant argues, applied § 3691, the court's analysis would not have differed because the same time limitations appear within § 3691 and § 2122. Additionally, the court's factual finding that the defendant failed to avail himself of the protection offered by California law is unchallenged by the defendant.

———————————————